THE PANCAKE HOUSE, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Pancake House v. Lindley (1980), 61 Ohio St. 2d 151.]

(No. 79-649—Decided February 6, 1980.)

152

*Messrs. Glander, Brant, Ledman & Newman* and *Mr. James H. Ledman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Barbara E. Lapworth,* for appellee.

*Per Curiam.* In calculating the value of its issued and outstanding stock under the net income method, pursuant to R. C. 5733.05(B), the corporate taxpayer begins with its base income, which equals its federal taxable income adjusted by certain deductions not relevant here. Allocable income from the sources mentioned in R. C. 5733.051(A) is subtracted from this figure. The resultant amount is apportionable income, which is subjected to the taxpayer's Ohio apportionment ratio, determined by the three-factor formula of R. C. 5733.05(B). The income apportioned to Ohio and the income allocated to Ohio are then added together to produce Ohio taxable income.

It is agreed that the franchise fees involved herein are allocable income under the R. C. 5733.051(A)(7) provision regarding "technical assistance fees." The only issue in this cause is whether, under R. C. 5733.051(A)(7), allocable income includes the gross franchise fees paid to appellant, or only the net amount remaining after expenses have been deducted. Appellant wishes to use the gross franchise fees, which, when subtracted from base income, produce a smaller apportionable income figure than if only the net franchise fees are used. Since appellant's apportionment ratio is 100 percent, the greater the apportionable income, the greater its tax liability will be.

The resolution of this appeal depends on our construction of R. C. 5733.051.* In this regard, R. C. 1.42 provides, in
_____
* R. C. 5733.051 provides, as follows:

"(A) Net income of a corporation subject to the tax imposed by this chapter shall be allocated and apportioned to this state as follows:

part, that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage.***" In light of this rule, it would seem that the word "net" in the prefatory clause of R. C. 5733.051(A) modifies the sources of income mentioned in each subsequent subdivision, including "technical assistance fees" in subdivision (7). This view is reinforced by the catch-all provision of subdivision (8): *"[a]ny other net income, from sources other than those enumerated in subdivisions (1) to (7), inclusive***."* (Emphasis added.) However, appellant maintains that the specific use of "net" in R. C. 5733.051(A)(1) and (2) and its absence as a modifier from subdivisions (6) and (7) evince a legislative intent that gross figures be used in the latter subdivisions.

This court was presented with a similar problem of

---

"(1) Net rents and royalties from real property located in this state are allocable to this state;

"(2) Net rents and royalties from tangible personal property, to the extent such property is utilized in this state, are allocable to this state, if the taxpayer is otherwise subject to the tax provided by this chapter;

"(3) Capital gains and losses from the sale or other disposition of real property located in this state are allocable to this state;

"(4) Capital gains and losses from the sale or other disposition of tangible personal property are allocable to this state if the property had a situs in this state at the time of sale, and the taxpayer is otherwise subject to the tax imposed by this chapter;

"(5) Capital gains and losses from the sale or other disposition of intangible personal property which may produce income enumerated in subdivision (6) of this division shall be allocated on the same basis as set forth in such subdivision. Capital gains and losses from the sale or other disposition of all other intangible personal property shall be allocated on the basis of commercial situs;

"(6) Dividends, which are not otherwise deducted or excluded from net income, shall be apportioned to this state in accordance with the ratio which the book value of the physical assets of the payor thereof located in this state bear to the book value of the total physical assets of the payor thereof located everywhere. Dividends received from payors, the location of whose physical assets is not available to the taxpayer, shall be apportioned as provided in subdivision (8) of this division;

"(7) Patent and copyright royalties and technical assistance fees, not representing the principal source of gross receipts of the taxpayer, are allocable to this state to the extent that the activity of the payor thereof, giving rise to the payment, takes place in this state;

"(8) Any other net income, from sources other than those enumerated in subdivisions (1) to (7), inclusive, of this division, shall be allocated to this state on the basis of the apportionment mechanism provided in division (B) of section 5733.05 of the Revised Code."

statutory construction in *Westinghouse* v. *Lindley* (1979), 58 Ohio St. 2d 137, where the controversy was whether the deduction for foreign royalties in R. C. 5733.04(I)(2) referred to a net or gross figure. Therein we looked to the federal taxing scheme for guidance, since net income under R. C. 5733.04(I) is derived from federal taxable income. Finding that federal taxable income included only net royalties (expenses having previously been deducted), this court concluded, at page 141, that "the legislative intent was to exclude foreign royalties from 'net income' to the extent they were included in federal 'taxable income' and not to exclude 'gross royalties'***containing expenses incurred in earning such royalties."

Similarly, the computations in this cause begin with a figure derived from federal taxable income. Only net franchise fees are included in this figure, with expenses incurred in earning this income having previously been deducted. Therefore, the *Westinghouse* rationale dictates that only net technical assistance fees may be subtracted as allocable income from base income. The logic of this conclusion is especially evident if one considers the consequence of appellant's argument. Appellant wishes to subtract gross fees from a figure that contains only net fees, thereby taking out more franchise fee income than was originally included. We refuse to construe the statute so as to reach such an unreasonable result.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.