EATON ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Eaton v. Limbach* (1992), 65 Ohio St.3d 305.]

(No. 92–225—Submitted October 13, 1992—Decided December 14, 1992.)

*Millet & Sprague, Madelon Sprague* and *Paul L. Millet,* for appellants.

*Lee I. Fisher,* Attorney General, and *Barton A. Hubbard,* Assistant Attorney General, for appellee.

*Per Curiam.* R.C. 5747.01(A), during the audit period, defined "adjusted gross income," on which the Ohio income tax is levied (see R.C. 5747.02), as follows:

" 'Adjusted gross income' means adjusted gross income as that term is defined and used in the Internal Revenue Code * * *, and excludes any amounts of income included in adjusted gross income by reason of Subchapter S, Chapter 1, Subtitle A, of the Internal Revenue Code, 26 U.S.C. 1371. * * * "

The Eatons argue that the statute allows them to deduct all Subchapter S income allocated to them and that this prevents double taxation of Subchapter S income. The commissioner contends that the statute limits the exclusion of Subchapter S income to only that amount included in federal AGI and that double taxation does not occur.

R.C. 5747.01(A) excludes from Ohio AGI only the amount of Subchapter S income included in federal AGI. Since the Eatons included only the net

amount in federal AGI, netting income and losses from the two Subchapter S corporations for federal tax purposes, they may only exclude this net amount from Ohio AGI. See *Gibson v. Limbach* (Nov. 19, 1990), Trumbull App. No. 89-T-4270, unreported, 1990 WL 178944; compare *Westinghouse Elec. Corp. v. Lindley* (1979), 58 Ohio St.2d 137, 140–142, 12 O.O.3d 158, 160–161, 389 N.E.2d 473, 475–476 (taxpayer may only deduct net foreign royalties from franchise tax income because only this amount was included in federal net income), and *Pancake House v. Lindley* (1980), 61 Ohio St.2d 151, 15 O.O.3d 180, 399 N.E.2d 1249 (taxpayer may only deduct net technical assistance fees from franchise tax income because only this amount was included in federal net income).

As to the double-taxation argument, the Eatons failed to present the franchise tax returns for the two corporations to illustrate any double taxation. Thus, we have no factual basis on which to address this argument.

Accordingly, we affirm the decision of the board because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.