MANDEL ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Mandel v. Limbach* (1994), 69 Ohio St.3d 617.]

(No. 93–1405—Submitted May 24, 1994—Decided July 27, 1994.)

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.,* for appellants.

*Lee Fisher,* Attorney General, and *Steven L. Zisser,* Assistant Attorney General, for appellee.

---

*Per Curiam.* R.C. 5747.01(A), for the tax year at issue, defined "adjusted gross income" as:

" * * * adjusted gross income as that term is defined and used in the Internal Revenue Code, and exclud[ing] interest or dividends on obligations of the United States and its territories and possessions or of any authority, commission, or instrumentality of the United States *to the extent includible in gross income* for federal income tax purposes but exempt from state income taxes under the laws of the United States * * *." (Emphasis added.)

The Mandels admit that Ohio may lawfully net interest income with interest expense to determine the exclusion, see *First Natl. Bank of Atlanta v. Bartow Cty. Tax Assessors* (1985), 470 U.S. 583, 105 S.Ct. 1516, 84 L.Ed.2d 535, but claim that R.C. 5747.01(A) does not, in clear terms, do this. They claim that this statute provides that the full amount of interest income is to be excluded.

We interpret the phrase in R.C. 5747.01(A) "to the extent includible" to limit the exclusion to the amount actually included in federal adjusted gross income. The Mandels do not seriously argue that federal adjusted gross income included the unnetted amount; indeed, it is undisputed federal adjusted gross income

included only the net amount. Thus, the exclusion is limited to the amount of income actually included in federal adjusted gross income, $393,964.

This result agrees with our consistent application of these exclusions from income. In *Eaton v. Limbach* (1992), 65 Ohio St.3d 305, 603 N.E.2d 992, we limited the exclusion from Ohio adjusted gross income of Subchapter S corporation income to income as netted with losses from Subchapter S corporations. See *Westinghouse Elec. Corp. v. Lindley* (1979), 58 Ohio St.2d 137, 140–142, 12 O.O.3d 158, 160–161, 389 N.E.2d 473, 475–476 (taxpayer may only deduct net royalties from franchise tax income because only this amount was included in federal net income), and *Pancake House, Inc. v. Lindley* (1980), 61 Ohio St.2d 151, 15 O.O.3d 180, 399 N.E.2d 1249 (taxpayer may only deduct net technical assistance fees from franchise tax income because only this amount was included in federal net income).

Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.