[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 617.]

MANDEL ET AL., APPELLANTS, *v*. LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Mandel v. Limbach*, 1994-Ohio-31.]

*Taxation—Income tax—R.C. 5747.01 allows exclusion of interest on obligations of the United States as netted with the expense incurred to earn the interest income—Phrase "to the extent includible" in R.C. 5747.01(A) interpreted to limit the interest income exclusion to the amount actually included in federal adjusted gross income.*

(No. 93-1405—Submitted May 24, 1994—Decided July 27, 1994.)

APPEAL from the Board of Tax Appeals, No. 90-M-462.

_____

{¶ 1} Jack N. and Lilyan Mandel, husband and wife, appellants herein, contest the allowance for a deduction in their 1986 Ohio income tax return of only the net income they received from federal obligations. They contend they may deduct the full amount of federal obligation income.[1]

{¶ 2} During calendar year 1986, Jack was a limited and general partner in Courtland Associates, while Lilyan was a limited partner. Courtland was a limited partner in Princeton/Newport Partners, L.P., and Odyssey Partners. Princeton and Odyssey invested in, and directly owned, United States Treasury obligations. Princeton and Odyssey received interest income and incurred investment interest expense, which they passed on to Courtland as reflected in Internal Revenue Service Schedule K-1s.

{¶ 3} Courtland then passed on the interest income and interest expense to the Mandels. The Schedule K-1 Courtland filed for Jack stated that he received $1,030,497 in "interest on U.S. government obligations included in ordinary

_____

1. According to their attorney, Lilyan has died, and Jack is executor of her estate.

income" and identified $638,910 as "expenses related to interest on U.S. government obligations included in ordinary income." Courtland's Schedule K-1 for Lilyan indicates that she received $42,860 as "interest on U.S. government obligations included in ordinary income" and identified $40,483 as "expenses related to interest on U.S. Government obligations included in ordinary income."

{¶ 4} The Mandels jointly filed their 1986 Ohio Individual Income Tax Return and deducted from Ohio adjusted gross income $1,073,357 as "U.S. Obligation interest thru partnerships," which equals Jack's and Lilyan's total interest income without deducting interest expense. The Mandels claimed an overpayment of tax of $213,262.12. They requested the Tax Commissioner, appellee, credit $90,000 of this amount as an estimated payment of their 1987 income tax liability and refund the remaining amount, $123,262.12, to them.

{¶ 5} On review, the commissioner noted that Jack had ordinary income of $51,220 reflected on his Schedule K-1, and that Lilyan had an ordinary loss of $16,094. The commissioner netted these two amounts and reduced the Mandels' federal interest deduction to $35,126.[2] This action reduced the overpayment to $103,179.14. The commissioner applied $90,000 of this amount to the Mandels 1987 Ohio income tax liability and refunded the remaining amount, $13,179.14, to the Mandels.

{¶ 6} On appeal, the Board of Tax Appeals ("BTA") modified the commissioner's order. It ruled that R.C. 5747.01 allowed the Mandels to exclude interest on obligations of the United States as netted with the expense incurred to earn the interest income. Accordingly, the BTA concluded that the deduction was $393,964, namely $1,073,357 in interest income less $679,393 in interest expense.

{¶ 7} This cause is now before this court upon an appeal as of right.

—————————

2. The commissioner apparently does not now maintain this position.

*Jones, Day, Reavis & Pogue* and *John C. Duffy, Jr.*, for appellants.

*Lee Fisher*, Attorney General, and *Steven L. Zisser*, Assistant Attorney General, for appellee.

———————————

**Per Curiam.**

{¶ 8} R.C. 5747.01(A), for the tax year at issue, defined "adjusted gross income" as:

"* * * adjusted gross income as that term is defined and used in the Internal Revenue Code * * *, and excludes interest or dividends on obligations of the United States and its territories and possessions or of any authority, commission, or instrumentality of the United States *to the extent includible in gross income* for federal income tax purposes but exempt from state income taxes under the laws of the United States * * *." (Emphasis added.)

{¶ 9} The Mandels admit that Ohio may lawfully net interest income with interest expense to determine the exclusion, see *First Natl. Bank of Atlanta v. Bartow Cty. Tax Assessors* (1985), 470 U.S. 583, 105 S.Ct. 1516, 84 L. Ed.2d 535, but claim that R.C. 5747.01(A) does not, in clear terms, do this. They claim that this statute provides that the full amount of interest income is to be excluded.

{¶ 10} We interpret the phrase in R.C. 5747.01(A) "to the extent includible" to limit the exclusion to the amount actually included in federal adjusted gross income. The Mandels do not seriously argue that federal adjusted gross income included the unnetted amount; indeed, it is undisputed federal adjusted gross income included only the net amount. Thus, the exclusion is limited to the amount of income actually included in federal adjusted gross income, $393,964.

{¶ 11} This result agrees with our consistent application of these exclusions from income. In *Eaton v. Limbach* (1992), 65 Ohio St.3d 305, 603 N.E.2d 992, we limited the exclusion from Ohio adjusted gross income of Subchapter S corporation income to income as netted with losses from Subchapter S corporations. See

3

*Westinghouse Elec. Corp. v. Lindley* (1979), 58 Ohio St.2d 137, 140-142, 12 O.O. 3d 158, 160-161, 389 N.E.2d 473, 475-476 (taxpayer may only deduct net royalties from franchise tax income because only this amount was included in federal net income), and *Pancake House, Inc. v. Lindley* (1980), 61 Ohio St.2d 151, 15 O.O. 3d 180, 399 N.E.2d 1249 (taxpayer may only deduct net technical assistance fees from franchise tax income because only this amount was included in federal net income).

**{¶ 12}** Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____