COMMISSIONER OF REVENUE *vs*. PLYMOUTH HOME NATIONAL
BANK, trustee,[1]
(and two companion cases[2]).

Suffolk. November 5, 1984. — February 13, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Taxation*, Exemption, Business trust, United States government securities.

Distributions consisting exclusively of the net proceeds of short-term United
States government securities and paid to beneficiaries by a Massachusetts
trustee which is a regulated investment company under § 851 of the
Internal Revenue Code are not to be included in the beneficiaries' Mas-
sachusetts gross income as defined in G. L. c. 62, § 2 (*a*). [68-69]

APPEAL from a decision of the Appellate Tax Board.

*Leonard G. Learner*, Assistant Attorney General, for the
Commissioner of Revenue.

*Calvin H. Bowker* (*Carol R. Cohen* with him) for Plymouth
Home National Bank.

*John R. Grumbacher* & *Mitchell H. Kaplan*, for Moseley,
Hallgarten, Estabrook & Weeden, Inc., amicus curiae, sub-
mitted a brief.

WILKINS, J. We agree with the Appellate Tax Board (board)
that distributions paid to beneficiaries by a trustee, which is a
regulated investment company under § 851 of the Internal
Revenue Code, and consisting exclusively of the net proceeds
of short-term United States government securities are not to
be included in the beneficiaries' Massachusetts gross income,

---

[1] Trustee of the trust u/a George Bliss "Residue."

[2] Commissioner of Revenue *vs*. Plymouth Home Nat'l Bank, trustee of
the trust u/a Howard Harding "Residue," and Commissioner of Revenue
*vs*. Plymouth Home Nat'l Bank, trustee of the trust u/a Fred Hebshie "Res-
idue." The tax years and the abatements granted by the Appellate Tax Board
differ in the three appeals but the legal issues are identical in each.

as defined in G. L. c. 62, § 2 (*a*). We, therefore, affirm the decisions of the board.

The Plymouth Home National Bank, acting as a trustee, is a diversified investment company in the form of a Massachusetts business trust. The trust sells units of beneficial interest to the public and invests the proceeds exclusively in short-term United States government securities. The trust is a regulated investment company under § 851 of the Internal Revenue Code (26 U.S.C. § 851 [1982]), and is exempt from taxation under G. L. c. 62, § 8 (*b*). The trust's net income is distributed to its shareholders of record. The taxability of those distributions is the issue in these appeals.

The trust paid a Massachusetts income tax on the distributions on behalf of each beneficiary involved in these appeals and then sought abatements. The Commissioner of Revenue (commissioner) denied the applications for abatement, and the trust appealed in each instance to the board. The board concluded that the distributions were includible in the beneficiaries' gross income for Federal income tax purposes, but that under G. L. c. 62, § 2 (*a*) (2) (A), as appearing in St. 1973, c. 723, § 2, the distributions were deductible from Federal gross income as "[i]nterest on obligations of the United States exempt from state income taxation" in arriving at Massachusetts gross income. In our view, the crucial question is whether distributions of the net income of the tax-exempt trust retain their character as tax-exempt interest income in the hands of the beneficiaries so that the beneficiaries may deduct those amounts in arriving at their Massachusetts gross income.[3]

---

[3] In his initial brief to this court, the commissioner does not discuss this issue, although it was the subject of a request for a ruling, which the board denied, and was a basis for the board's decision. The commissioner's initial brief focused on the question whether provisions of G. L. c. 62, § 8 (*c*), apply to distributions of a corporate trust exempt from taxation. Section 8 (*c*) states that the deduction provided in § 2 (*a*) (2) (D) (for certain dividends received from a corporate trust subject to taxation under G. L. c. 62) shall not apply to tax-free earnings and profits distributed as dividends and includible in Massachusetts gross income (see G. L. c. 62, § 2 [*a*] [1] [F]). We need not decide this issue because, even if provisions of § 8 (*c*) do apply to the distributions at issue, the only effect is to make the dividends includible

The board concluded that "distributions from the trust maintain their same character under the trust as in the hands of the individuals." It concluded that the trust was "merely a conduit." Certainly as a matter of equity, the board's conclusion produces a fair result. The trust, the board found, was "a vehicle which allows investors to take advantage of the tax consequences of investing in U.S. government securities . . . . Thus, a small investor is accorded the opportunity of tax-free income by joining forces with other small investors." The trust income was doubly exempt from Massachusetts income tax, because the trust itself was exempt from taxation under G. L. c. 62, § 8 (b), and the interest income was exempt under G. L. § 2 (a) (2) (A). In these circumstances, the concept that the tax-exempt income passes through the trust without losing its tax-exempt quality has obvious appeal as a matter of fairness. However, equitable considerations are not the controlling force in the decision of tax questions, by the board or by us.

There is an analogous provision of c. 62 that provides guidance in deciding what the Legislature intended the appropriate rule to be in the special circumstances of this case. Under G. L. c. 62, § 11, as amended through St. 1976, c. 415, § 8, a resident of the Commonwealth who receives income from a trustee who is not subject to taxation under G. L. c. 62 must treat that income "according to the nature of the income re-

---

in Massachusetts gross income, against which the other deduction provisions in § 2 (a) (2), including the deduction provided for tax-exempt interest income (§ 2 [a] [2] [A]), may still be applied.

Although the question which we regard as crucial on the facts of this case has not been raised by the commissioner except in reply to arguments in the appellee's brief, we shall consider it because of its general importance to persons in the position of the beneficiaries of this and other trusts. We have not decided whether an appellant properly may raise a new issue in a reply brief filed pursuant to Mass. R. A. P. 16 (c), 365 Mass. 860 (1974). The purpose of reply briefing suggests that it would be inappropriate to raise a new ground for reversal of a decision in a reply brief. Under the cognate Federal rule (Fed. R. A. P. 28[c] [1983]), "[a]rguments raised for the first time in a reply brief are not properly before the reviewing court." United States v. Benz, 740 F.2d 903, 916 (11th Cir. 1984). See 16 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 3974, at 428 & n.24 (1977 & Supp. 1984).

ceived by such [trustee]." This section certainly applies to income received from nonresident trustees not subject to taxation. We need not decide that it is directly applicable here, in the face of the provisions of G. L. c. 62, § 8 (*c*), in order to conclude that the same legislative purpose expressed in § 11 should be applied to the income in this case. There is no logical reason why tax-exempt income of a tax-exempt, out-of-State trustee should retain its tax-exempt character when distributed to a Massachusetts resident but such income distributed to a Massachusetts resident by a tax-exempt Massachusetts business trust should not.

*Decisions of the Appellate Tax*
*Board affirmed.**

---

* In his petition for rehearing, the commissioner contends that we have misconstrued the facts of this case. The Findings of Fact and Report of the board states that "the evidence was presented by way of stipulation." No stipulations were presented in the record appendix. We had no alternative but to deal with the facts as set forth by the board, particularly where the brief for the commissioner at no point challenged the board's findings of fact. If the facts are otherwise and there are two trusts involved rather than one in the investment process, it is not clear that that would make a difference in the result, but, in any event, we have decided the case presented to us on the record before us. The application for a rehearing is denied.