Argued and submitted April 4, the decision of the Oregon Tax Court affirmed
May 31, 1989

## BORG et al,
*Respondents - Cross-Appellants,*

*v.*

## DEPARTMENT OF REVENUE,
*Appellant - Cross-Respondent.*

(TC 2410; SC S35615)

774 P2d 1099

Leo A. Reinikka, of Case, Dusterhoff & Mehlhaf, Portland, argued the cause and filed briefs for respondents - cross-appellants.

Ted E. Barbera, Sr., Assistant Attorney General, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Dave Frohnmayer, Attorney General, Salem.

LINDE, J.

## LINDE, J.

The Department of Revenue denied taxpayers' request for a refund of state income taxes paid on their 1981 and 1982 income from a mutual fund, the American Association of Retired Persons U.S. Government Money Market Trust. The Trust, a regulated investment company organized as a Massachusetts business trust, invested in obligations of the United States Government, other obligations insured or guaranteed by the United States Government, certificates of deposit, and repurchase agreements, and it distributed the income from these securities to its investors. On appeal of the Department's denial, the Oregon Tax Court held that taxpayers' income attributable to the Trust's investments in United States obligations was exempt from state taxation by virtue of 31 USC § 3124(a), but the court found the statute inapplicable to their income attributable to the Trust's dealings in repurchase agreements and affirmed the denial of refunds in this respect. *Borg v. Dept. of Rev.*, 11 OTC 67 (1988).

Subsequently, the United States Supreme Court held that a state may not tax federal employees' retirement benefits when it exempts the retirement benefits of state employees from the tax. *Davis v. Michigan Dept. of Treasury*, ___ US ___, 109 S Ct 1500, 103 L Ed 2d 891, 57 USLW 4389 (1989). Although taxpayers in *Davis* relied on an Act of Congress, 4 USC § 111, the Court based its decision on the constitutional rule of nondiscrimination that the Court found Congress to have codified in the statute. *Id.* at ___. The present taxpayers assert that the nondiscrimination principle of *Davis* as well as 31 USC § 3124(a) immunizes their mutual fund dividends from state income taxes, because Oregon does not tax income from mutual funds invested in Oregon government securities. For the reasons that follow, we affirm the judgment of the Tax Court.

■ 31 USC § 3124(a) provides:

"Stocks and obligations of the United States Government are exempt from taxation by a state or political subdivision of a state. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except

"(1) a nondiscriminatory franchise tax or another

nonproperty tax instead of a franchise tax, imposed on a corporation; and

"(2)    an estate or inheritance tax."

The Tax Court noted, and the Department agrees, that the United States Supreme Court gave this statute a functional rather than a formal interpretation in *American Bank and Trust Co. v. Dallas County,* 463 US 855, 103 S Ct 3369, 77 L Ed 2d 1072 (1983), and that other state courts have held mutual fund dividends traceable to interest from United States obligations to be exempt from state taxes.[1] The Department contends that the state cases were wrongly decided, and it distinguishes *American Bank* on its facts. *American Bank* decided that 31 USC § 3124(a) required the exemption of United States obligation held by the bank in computing the bank's net assets for purposes of a property tax on bank shares. The United States obligations were "considered, directly or indirectly" in computing the property tax on the shares. The Department contends that the income tax here at issue differs because it is applied, not to interest income from United States obligations, but to dividends paid by a mutual fund derived from some exempt and some nonexempt obligations after subtraction of the fund's expenses and charges.

The Department quotes a later Supreme Court decision on state property taxation of bank shares for the proposition that 31 USC § 3124, as interpreted in *American Bank,* primarily addresses the "form" rather than the "scope" of state taxes, and that it adds nothing to the constitutional scope of federal immunity from such taxes. *First Nat. Bank v. Bartow Cty. Assrs.,* 470 US 583, 105 S Ct 1516, 84 L Ed 2d 535 (1985). *First Nat. Bank* held that, for purposes of a property tax on the value of stockholders' shares in a bank, United States obligations held by the bank need not be excluded from the bank's net assets in full but only proportionately to the bank's total assets, subject to liabilities and expenses. The holding may be relevant to computing the amount of income

---

[1] *See Brown v. Franchise Tax Bd.,* 197 Cal App 3rd 300, 242 Cal Rptr 810 (1987); *Andras v. Illinois Dept. of Revenue,* 154 Ill App 3rd 37, 506 NE2d 439 (1987), *cert denied* 485 US 960, 108 S Ct 1223, 99 L Ed 2d 424 (1988); *Com'r. of Revenue v. Plymouth Home Nat. Bank,* 394 Mass 66, 473 NE2d 1139 (1985) (decided under state law); *Matz v. Department of Treasury,* 155 Mich App 778, 401 NW2d 62 (1986); *In re Thomas C. Sawyer Estate,* 149 Vt 541, 546 A2d 784 (1987); *Capital Preservation Fund v. Dept. of Rev.,* 145 Wisc App 2d 841, 429 NW2d 551 (1988).

tax in this case, but it does not support the Department's position that the exempt character of income from United States obligations held by the Trust is entirely lost in transit from the Trust to its shareholders. Rather, the Department's argument against immunity for the dividends must rest on a difference between an income tax on stockholders' dividends derived from tax-exempt federal interest payments and a property tax on investors' shares in a mutual fund holding the tax-exempt federal obligations.

Although this difference between property and income taxes precludes treating *American Bank* and *First Nat. Bank* as squarely deciding the issue, it will not support a different application of 31 USC § 3124. The statute applies to "each form of taxation," including income taxes, that require "the interest on the obligation" as well as the value of the obligation "to be considered in computing a tax." This leaves no room for distinguishing between a tax on the investors' income from tax-exempt obligations and a tax on the value of their shares of assets including such obligations. We deal here only with dividends from an open-ended regulated investment fund, which is not itself subject to federal income taxation but distributes its income to investors whose income is taxable if not exempt. The holdings of such a fund are less separate from those of its beneficiaries than the holdings of the bank corporations in *American Bank* and *First Nat. Bank* were from the shares of their stockholders. If the statutory tax immunity for United States obligations held by those corporations extended to the shares of their stockholders, *a fortiori* it extends to the beneficiaries of the Trust to the extent that the state could not tax their income from such obligations.

The nondiscrimination rule of *Davis v. Michigan Dept. of Treasury, supra,* requires the same result. *See also Memphis Bank & Trust Co. v. Garner,* 459 US 392, 103 S Ct 692, 74 L Ed 2d 562 (1983) (invalidating bank income taxation of federal but not state interest payments). The state does not tax the income of its residents from mutual funds invested in tax-free obligations of Oregon governmental entities. *See* OAR 150-316-680(B), examples C and E. *Davis* held that to exempt the pensions of retired state and local employees while taxing those of retired federal employees violated principles of intergovernmental tax immunity. 57 USLW at 4393. Whether or not this means that a state income tax must exempt the

interest from federal obligations if it exempts the interest of state and local obligations, at least it precludes applying different rules to carry the tax exemption of interest forward to mutual fund dividends paid from investments in the two kinds of obligations.

■ Taxpayers cross-appeal the Tax Court's decision that income from the Trust's dealings in repurchase agreements was not tax exempt. These are agreements in which a seller other than the United States sells to the Fund securities, in this case federal obligations, and simultaneously agrees to repurchase the same or similar securities at a price that includes interest for the period of the sale, payment of which may not be due from the issuer during that period. The fact that these securities are bought on the secondary market is irrelevant, because that can be, and often is, true also for United States obligations that yield tax-exempt interest. The parties stipulated that a repurchase transaction is a sale of the securities. Nevertheless, the Department describes the repurchase agreement as a secured loan. The Tax Court concluded that "the 'seller' is the true owner and the mutual fund merely receives interest under a contract with the seller," and that this interest is not tax exempt.

It is difficult to relate each party's premise concerning the nature of the transaction to its proposed implication. Taxpayers emphasize that the Trust's income from the repurchase agreement "is in lieu of income earned on the obligations for the period that the obligations are owned by the Mutual Fund," and that if the fund receives income from the issuer during this period, "it pays over the full amount thereof to the seller-repurchaser." Nevertheless, they describe a mutual fund's income from the transaction as "interest income" from the obligations.

Whether or not the income corresponds to and serves a function equivalent to interest, that income is not paid by the United States or other issuer but by the seller at the time of the repurchase. It is not "interest" paid by the United States, which in fact may pay no interest to anyone during the period between sale and purchase.[2]

---

[2] Taxpayers use the word "income" where 31 USC § 3124 speaks specifically of "interest" on United States obligations.

Taxpayers contend that in any event, state tax exemption of income from repurchase agreements makes United States obligations a more attractive medium for such transactions and that denial of an exemption therefore burdens the United States treasury. The record does not show a significant effect on the marketability or interest costs of federal securities, and to find grounds for derivative tax immunity in every speculative marginal advantage for those who deal with the government and therefore to the government pushes the search for an economic incidence (as distinct from the legal incidence) of a tax too far. *See generally* Tribe, American Constitutional Law 514-18 (2d ed 1988). Congress has settled on exemption from those taxes in whose computation "the interest on the obligation" must be considered. In computing the tax on income from dealings in repurchase agreements, the Department considers the income earned by a buyer on resale; the interest rate on the United States obligation so traded may be important to the buyer and seller, but it is not material to the Department's computation.

The decision of the Oregon Tax Court is affirmed.