William A. and Edna B.
EVERETT, Appellees,

v.

STATE of Iowa, DEPARTMENT OF
REVENUE AND FINANCE,
Appellant.

No. 90–681.

Supreme Court of Iowa.

May 15, 1991.

Bonnie J. Campbell, Atty. Gen., and Harry M. Griger, Sp. Asst. Atty. Gen., for appellant.

Frederick G. White, Waterloo, and Eric R. Miller of Martin, Nutting, Miller, Keith & Pedersen, Waterloo, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

ANDREASEN, Justice.

The director of the Iowa Department of Revenue and Finance (director) ruled in a contested case decision that income which is derived from repurchase agreements involving United States government securities and paid by a mutual fund to its shareholders is not exempt from state taxation. The taxpayers appealed to the district court which reversed the director's decision on this issue. The State has appealed. We reverse and remand.

I. *Background.*

In 1981 and 1982, William and Edna Everett, shareholders in the Trust for Short–Term Governmental Securities (trust), reported as income on their tax returns all the income received from the trust. The trust is a mutual fund which invests in short-term federal securities and in repurchase agreements (repo's) involving federal securities. The income received by the Everetts flowed from both the trust's direct investment in federal securities and from its participation in repo's.

The Everetts later amended their 1981 and 1982 tax returns claiming refunds for the tax paid on the income received from the trust. A refund was paid on the 1981 return, but the Department of Revenue and Finance (department) later denied the refund for the 1982 return and demanded that the Everetts return the money refunded under the 1981 amended return. The

Everetts began a contested case proceeding protesting the taxation of the trust income for both years.

In January 1988, following an evidentiary hearing, a department hearing officer entered a proposed order which held the trust income was exempt from state taxation under 31 U.S.C. section 3124(a). The department appealed the proposed order to the director.

Two issues were presented to the director. One was whether the State may tax interest income which is earned by the trust on federal securities and then paid out as net income to the shareholders. The other issue was whether the State may tax income which the trust derives from repo's and then distributes to the shareholders. The director held the interest earned on federal securities by the trust was exempt but that income earned from repo's was not exempt.

The Everetts appealed the director's decision of the second issue to the district court. Iowa Code §§ 17A.19, 422.29 (1987). The district court, after hearing, reversed the director's order as it related to the repo income and held that the State's taxation of repo income was unconstitutional and in violation of 31 U.S.C. section 3124(a). The department has appealed from the district court's judicial review decision. Iowa Code §§ 17A.20, 422.29(3).

## II. *Standard of Review.*

■ On appeal this court's function, like that of the district court, is to correct any errors of law on the part of the department. *Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557, 559 (Iowa 1985). If the department's action was in violation of constitutional or statutory provisions or if its findings of fact were unsupported by substantial evidence it will be reversed. *Id.;* Iowa Code § 17A.19(8)(a), (b). However, we are bound by the hearing officer's findings of fact if they are supported by substantial evidence. *Iverson Constr. v. Department of Employment Servs.*, 449 N.W.2d 356, 358 (Iowa 1989).

## III. *Taxability of Repo Income.*

■ The basic question before us is whether the State may tax the income which a mutual fund distributes to its shareholders when that income is derived from a repo involving exclusively federal securities. The Everetts urge that the State is prohibited from taxing this income by the supremacy clause of the United States Constitution and 31 U.S.C. section 3124, which codifies the supremacy clause as it relates to state taxation. *First Nat'l Bank v. Bartow County Bd. of Tax Assessors*, 470 U.S. 583, 596, 105 S.Ct. 1516, 1522, 84 L.Ed.2d 535 (1985). In recognition of the constitutional prohibition, Iowa specifically excludes from "net income" interest and dividends from federal securities. Iowa Code § 422.7(1).

This question has been addressed by several other states. *See, e.g., Hammond Lead Prod. v. State of Indiana Tax Comm'rs*, 549 N.E.2d 424 (T.C. of Ind. 1990); *Borg v. Department of Revenue*, 308 Or. 34, 774 P.2d 1099 (1989); *Department of Revenue v. Page*, 541 So.2d 1270 (Fla.App.1989) (rehearing denied); *In re Thomas Sawyer Estate*, 149 Vt. 541, 546 A.2d 784 (1987) (motion for reargument denied); *Andras v. Illinois Dep't of Revenue*, 154 Ill.App.3d 37, 106 Ill.Dec. 732, 506 N.E.2d 439 (2d Dist.1987); *Matz v. Department of Treasury*, 155 Mich.App. 778, 401 N.W.2d 62 (1986) (per curiam). All of these cases, with the exception of *Hammond Lead*, involve the same mutual fund as the case before us now, and they all, with the exception of *Matz*, a Michigan Court of Appeals per curiam opinion, held income derived from repo's is taxable by the state. The reasoning behind these decisions is that repurchase agreements, despite their name, are actually secured loans, and that the investor, at least for tax purposes, never really owns the federal securities.

In a repurchase agreement, a buyer, in this case the trust, agrees to "buy" short-term federal securities from a bank or broker (seller-repurchaser). The buyer simultaneously agrees to resell the securities back to the seller-repurchaser at a price that includes interest for the period of the

sale. This interest paid to the buyer is generally less than that earned by the federal securities; this difference is the seller-repurchaser's margin of profit.

The district court, in reversing the director's decision, reviewed the evidence in light of the *Andras* decision. In *Andras,* the appellate court of Illinois set out seven factors which, the court said, if present, "tend to indicate that the transaction is a loan." *Andras,* 154 Ill.App.3d at 42–45, 106 Ill.Dec. at 736–37, 506 N.E.2d at 443–44. The district court in this case concluded, however, that the evidence was not sufficient to support a positive answer to all of the factors in *Andras* and went on to find the tax unconstitutional.

The fundamental question, however, is whether the trust accepted the risks of ownership of the federal securities, not whether the seven factors were present. The factors are merely indicators. The assumption of the risks of ownership has been held to be the key to claiming exemptions from state taxation. *Page,* 541 So.2d at 1273; *Andras,* 106 Ill.Dec. at 737, 506 N.E.2d at 444 (citing *American Nat'l Bank v. United States,* 421 F.2d 442, 451 (5th Cir.1970)).

In *Hammond Lead,* the court stated that ownership is evidenced by which party bears the risk of market fluctuations and which party has the ability to sell to third parties. 549 N.E.2d at 428. Here, as in *Hammond Lead,* the taxpayer neither bore the risk of market fluctuations nor possessed the ability to sell to third parties. More importantly, perhaps, the director in this case found that the trust accepted none of the risks of ownership. While the director did not purport to find each of the seven factors set out in *Andras,* based on his review of all the evidence, he found the trust did not really own the federal securities. We believe there was substantial evidence to support this finding of fact. Therefore, we are bound by it. *Iverson Constr.,* 449 N.W.2d at 358.

The United States Constitution Article VI clause 2, and 31 U.S.C. section 3124(a) prohibit any form of state taxation which requires an obligation of the United States Government or the interest thereon to be considered in computing a tax. Here the interest was not on the federal obligations but on the repo agreements; it was paid not by the federal government, but by the seller-repurchasers. Moreover, it was those seller-repurchasers, not the federal government, that set the interest rate to be paid under the repurchase agreements, and indeed the interest rates paid pursuant to the repo's were different from those paid on the federal obligations.

The State's tax did not consider, either directly or indirectly, the federal obligations or the interest paid on them in calculating the Everetts' tax. Instead, the tax was based on the interest paid by private seller-repurchasers pursuant to a private sector loan agreement in which federal obligations served as collateral. In such a situation, neither the federal obligations nor the interest thereon is considered in calculating the state income tax. *Borg,* 308 Or. at 38–39, 774 P.2d at 1102; *In re Thomas Sawyer Estate,* 546 A.2d at 786. We hold that neither the supremacy clause nor 31 U.S.C. section 3124(a) prevents the State from taxing the income derived from the repurchase agreements.

The district court's order is reversed. We remand to the district court for entry of an order affirming the director's decision and order.

REVERSED AND REMANDED.