Julia D. RAGSDALE

*v.*

DEPARTMENT OF REVENUE

(TC 3535)

Russell A. Sandor of Wetzel DeFrang & Sandor, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 28, 1994.

**CARL N. BYERS, Judge.**

In this appeal a recipient of federal pensions seeks refunds of state income taxes. The plaintiff claims that Oregon discriminates against federal pensioners and taxes

exempt income. Having stipulated the facts, the parties submitted briefs and presented oral arguments.

Plaintiff is a resident of Oregon and filed state personal income tax returns for 1991. She receives two federal pensions as "pay or compensation for personal service as an officer or employee of the United States." Her federal pension income totaled $31,834 in 1991. Plaintiff initially included this income as taxable, but later filed amended returns claiming refunds.

Plaintiff claims that Oregon impermissibly discriminates between state and federal retirees and, therefore, all of her federal pension income should be exempt. In the alternative, plaintiff asserts that if her federal pension income is subject to state income tax, 68.77 percent of the income is exempt. That is the portion attributable to interest earned by the Civil Service Retirement and Disability Fund (CSRDF), the payor of plaintiff's pensions, from investments or obligations of the United States.

## TAX HISTORY

Some background must be given before plaintiff's arguments become clear. For many years, Oregon did not tax pension benefits received from the Oregon Public Employes Retirement System (PERS), but did tax federal pensions. In *Davis v. Michigan Dept. of Treasury*, 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), the United States Supreme Court held that this kind of disparate treatment violated the constitutional principle of intergovernmental tax immunity. In doing so, the Court rejected Michigan's argument that its interest in hiring and retaining employees justified the state exemption. The Court stated that the state's interest "no matter how substantial, is simply irrelevant to an inquiry into the nature of the two classes receiving inconsistent treatment." *Id.* at 816 (citation omitted). In response to *Davis,* the Oregon legislature amended its statutes, taxing PERS benefits and federal pensions equally. Or Laws 1991, ch 823, § 3.

As partial compensation to its state retirees for the personal income taxes they would incur, the legislature increased the PERS benefits slightly. Or Laws 1991, ch 796. Later, state employees, both current and retired, sued the

state for breach of their employment contract. In *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992), the Oregon Supreme Court held that the state had breached its contract with its employees and must provide a remedy.[1]

## CLAIM OF DISCRIMINATION

With this background, plaintiff now claims that any reimbursement of state employees, whether as increased pension benefits or contract damages, perpetuates the discrimination condemned by *Davis*. As a result, plaintiff believes that she is entitled to a refund of all taxes paid on her federal pensions.

Plaintiff does not claim any discrimination exists in the tax statutes. Both federal pensions and state pensions are now taxed in like manner under the state income tax statutes. Rather, plaintiff's argument is based on an economic analysis which assumes the state may not do with the left hand what it cannot do with the right. An appropriate response to plaintiff's argument echoes the language of *Davis*: What the state does with regard to compensation of its employees, current or retired, is simply irrelevant to an inquiry as to the tax treatment of state and federal pensions.

In essence, plaintiff argues that the state cannot change the compensation of its employees without forfeiting the right to tax federal pension income. This is the very type of interference that the doctrine of intergovernmental tax immunity was intended to prevent. *Davis* did not mandate that state and federal retirees must receive equal pension benefits. Rather, *Davis* requires that both classes must be treated equally by the state's income tax laws. That the state may relieve its employees of the economic consequences of *Davis* merely demonstrates that the Supreme Court threw its net into a shallow pond. The only economic effect noted by the court in *Davis* was an increase in federal income taxes "in some circumstances." *Davis* at 816, n 4. Aside from administrative confusion and the initial costs of refunds and adjusting systems, *Davis* need have little economic consequence in Oregon.

---

[1] The court declined to fashion any remedy and left it to the legislature. However, the 1993 legislature did not act and new litigation is currently pending.

■     In summary, plaintiff has not shown or asserted any discrimination in the tax treatment of state and federal retirees. *Davis* does not hold or even intimate that a state is prohibited from adjusting the compensation of its employees, either currently or retired, to make up for the loss of the exemption.

## EXEMPT INCOME CLAIM

■     Having determined that plaintiff's federal pension income is taxable, the court now turns to plaintiff's alternative argument. Under plaintiff's alternative argument, the issue is whether 68.77 percent of plaintiff's pension income is exempt because that portion is earned by CSRDF from investments and obligations of the United States.

The clear and simple answer is no. Any investment income from federal obligations is paid to CSRDF which owns the obligations. Plaintiff's interest in the trust is as an employee-beneficiary. Plaintiff's own complaint asserts that the pensions are paid as compensation for personal services. Under IRC § 61(a) compensation for personal services is gross income subject to taxation. Plaintiff's pension income is taxable as a distribution from a § 401(a) trust under IRC § 72(e). *Guilzon v. Commissioner*, 97 TC 237 (1991), *aff'd* 985 F2d 819 (1993). Plaintiff cites *Borg v. Dept. of Rev.*, 308 Or 34, 774 P2d 1099 (1989), as authority for the exempt character of income being passed through to a beneficiary of a trust. However, in *Borg* the court was concerned with investment income of a taxpayer. Here, plaintiff receives compensation for personal services. The character of that income to plaintiff is not affected by its source.

Based on the above, the court finds that department's Opinion and Order No. 93-3829 must be sustained. Defendant to recover costs.