**HARRINGTON TRUCKING, INC., Appellant,**

v.

**IOWA DEPARTMENT OF TRANS- PORTATION, HIGHWAY DI- VISION, Appellee.**

**No. 93–1739.**

Supreme Court of Iowa.

Jan. 18, 1995.

Edward W. Bjornstad of Bjornstad Law Office, Spirit Lake, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and John W. Baty, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal we must determine if a petition for judicial review should be dismissed for lack of jurisdiction. The district court granted the agency's motion to dismiss. Upon our review we affirm the court's ruling.

I. *Background.*

On July 12, 1991 Harrington Trucking, Inc. (Harrington) filed an application with the Iowa Department of Transportation (IDOT) requesting it be certified as a Disadvantaged Business Enterprise (DBE). The application stated Kathryn Harrington was the majority owner of the small business corporation and that she controlled the management and operations of the corporation's trucking business. The application was denied on June 17, 1992, and Harrington was advised that an appeal could be taken to the IDOT appeal committee by giving notice to the committee chairman. Harrington appealed.

Following hearing, Harrington was notified by letter dated September 1, 1992, that it did

not meet the requirements of federal regulations to be certified as a DBE. Harrington was advised it could appeal the decision to the United States Department of Transportation (Department). Harrington appealed.

On July 26, 1993, the Department notified Harrington that it did not meet the criteria for DBE certification and was ineligible to participate as a DBE on Department financially-assisted projects. The denial was based upon a determination that the ownership and control by Kathryn is not real, substantial, and continuing; and that she does not possess the power to direct the management and policies of the firm and to make day-to-day as well as major decisions on matters of management, policy, and operations.

On August 19, 1993, Harrington filed its petition for judicial review in the Iowa district court. The petition challenged the September 1, 1992 decision of the IDOT. A motion to dismiss was filed by IDOT. The motion was resisted by Harrington. Following hearing on the motion, the district court dismissed the petition on jurisdictional grounds. Harrington appeals from the court's decision.

## II. *Scope of Review.*

 The district court exercises appellate jurisdiction when reviewing the final administrative decision of a state agency. Iowa Code § 17A.19. Our function, like that of the district court, is to correct any errors of law. *Everett v. Department of Revenue & Fin.,* 470 N.W.2d 13, 14 (Iowa 1991). Want of jurisdiction may be raised by motion. Iowa R.Civ.P. 104(a). The court shall dismiss an action at any time it finds the court lacks jurisdiction of the subject matter. *Tigges v. City of Ames,* 356 N.W.2d 503, 510–12 (Iowa 1984).

## III. *Certification of DBE.*

Harrington made application for certification as a DBE. A DBE is defined in Iowa Code section 314.14 (1993) and in federal regulations, 49 C.F.R. section 23.62 (1983). Under federal law at least ten percent of funds authorized for certain Department programs, including federal-aid highway con-struction funds, are to be expended with DBEs. Surface Transportation Assistance Act of 1982, Pub.L. No. 97–424, 96 Stat. 2097. *See generally Michigan Road Builders Ass'n Inc. v. Blanchard,* 761 F.Supp. 1303, 1306–08 (W.D.Mich.1991) (discussion of the development of the DBE program). To qualify as a DBE the ownership, management, and daily business operations must be owned and controlled by one or more socially and economically disadvantaged individuals. 49 C.F.R. § 23.62. Women are included within this definition. *Id.*

Under the DBE program a minimum percentage of the dollar amount of federal highway construction contracts is set aside for bidding by certified DBEs. It is a part of the federal program to support the fullest possible participation of firms owned and controlled by minority and women in Department programs. *See id.* § 23.1. The definition of a minority business enterprise (MBE) means a small business concern which is owned and controlled by one or more minorities or women. *Id.* § 23.5. The definition of a DBE is almost the same as that of a MBE. Under the regulations, applicants and recipients who let DOT-assisted contracts are required to implement MBE programs and to secure Department approval of the program. *Id.* § 23.41.

Because IDOT is a public entity to whom federal DOT financial assistance is extended, the IDOT is a "recipient." The recipients, state or local agencies, use the standards in the federal regulations to determine whether the firm is eligible to be certified. In order to be an eligible DBE, the firm must meet the criteria of section 23.53 and be certified as provided in 49 C.F.R. § 23.

Here, the IDOT notified Harrington it did not meet the requirements of the federal regulations to be certified as a DBE. On administrative appeal the Department concluded the IDOT denial of certification under the federal regulations was justified. In its July 26, 1993 decision the Department stated both the findings and the specific reasons for denial of the appeal. Harrington was specifically advised that "this determination is administratively final."

## IV. *Jurisdiction.*

After receiving the federal agency decision, Harrington filed its petition for judicial review in state court. The IDOT filed a motion to dismiss for lack of jurisdiction. It urged the IDOT decision was intermediate agency action, not final agency action, and that final administrative action was provided by the Department, a federal agency. In its ruling on the motion to dismiss, the court found the provisions of Iowa Code section 17A.19 are jurisdictional and the IDOT decision of September 1, 1992 was intermediate agency action. An intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy. Iowa Code § 17A.19(1). The court concluded Harrington had failed to establish that final agency action would not provide an adequate remedy and granted the motion to dismiss for lack of jurisdiction. We affirm the dismissal on slightly different jurisdictional grounds.

In compliance with federal law and regulations, Iowa adopted Iowa Code section 314.14 and regulations relating to contracts set aside for business with DBEs. *See* 761 Iowa Admin.Code 126.1–3 (1987). The express purpose of the state rules "is to establish requirements and specifications for federal-aid highway construction contracts let by the department that are set aside for bidding by prequalified disadvantaged business enterprises." 761 Iowa Admin.Code 126.1. As provided by federal law and regulation, the IDOT as a recipient is authorized to certify the eligibility of DBEs and MBEs. 49 C.F.R. §§ 23.45(f), 23.51.

The application form that Harrington submitted to IDOT was designed to provide information needed to satisfy the federal requirements. *See id.* §§ 23.45(f)(3); 23.51. The certification affidavit identified federal offenses and penalties for misrepresentations. The application was certified under penalty of perjury under the laws of the United States and the State of Iowa. The IDOT's first notice to Harrington that its request for certification in the DBE program was denied referred to specific federal regulations as the reason for denial. Throughout the administrative appeal process specific provisions of federal regulations were cited in support of the agency's decision.

On appeal Harrington argues the trial court erroneously concluded the September 1992 decision of the IDOT was an "intermediate decision" when, in fact, it was a proposed decision subject to final review by the Department. Harrington urges it exhausted its administrative remedy and, upon the filing of the Department's decision, it was entitled to judicial review of the IDOT decision. We reject this argument.

The preliminary administrative certification procedure is imposed on recipients of federal-aid highway contracts. 49 C.F.R. § 23.51. The denial of certification by the recipient, such as IDOT, is final, subject only to the firm's right to appeal, in writing, to the Department. *Id.* § 23.54(g). If appeal is taken, the Department must investigate and determine and inform the MBE or DBE applicant of its certification or its denial of eligibility. *Id.* § 23.55.

Judicial review of final agency action is provided by federal statute. 5 U.S.C. § 704 (1993). The exclusive authority for judicial review of the Department's administrative decision is vested with the federal court. On judicial review the federal court will review the Department's decision that ownership of a business is not real, substantial, or continuing and that the owner does not possess sufficient control to meet the requirements of 49 C.F.R. section 23.53. *See Car–Mar Constr. v. Skinner,* 777 F.Supp. 50, 54 (D.D.C.1991) (certification as a DBE). Iowa courts have no subject matter jurisdiction of federal agency decisions.

We agree with the district court that the Iowa court did not have jurisdiction to provide judicial review of the federal agency decision.

AFFIRMED.