# IN THE SUPREME COURT OF IOWA

No. 20–0997

Submitted November 17, 2021—Filed December 17, 2021

**JENNIFER ASKVIG,**

Appellant,

vs.

**SNAP-ON LOGISTICS CO.** a/k/a **SNAP-ON TOOLS CORP.,**

Appellee.

---

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A workers' compensation claimant appeals a district court order dismissing her petition for judicial review of the agency decision as untimely. **AFFIRMED.**

Mansfield, J., delivered the opinion of the court, in which all justices joined.

Mark S. Soldat of Mark S. Soldat, PLC, West Des Moines, for appellant.

Joni L. Ploeger of Dentons Davis Brown, P.C., Des Moines, for appellee.

**MANSFIELD, Justice.**

**I. Introduction.**

This case requires us to interpret a provision of our COVID-related supervisory orders. During the early months of the COVID pandemic, a workers' compensation attorney failed to file a petition for judicial review within thirty days of the date when the claimant's application for rehearing had been deemed denied. *See* Iowa Code § 17A.19(3) (2020). He did not realize his oversight until the employer's attorney sent a letter setting forth her understanding of what her client owed given that the deadline for judicial review passed. At this juncture, the claimant filed a petition for judicial review. When the employer moved to dismiss the petition as untimely, the claimant invoked our April 2 and May 8, 2020 supervisory orders tolling statutes of limitations, statutes of repose, and "similar deadline[s] for commencing an action in district court."[1]

The district court granted the employer's motion to dismiss the petition. The court reasoned that the April 2 supervisory order did not apply to the thirty-day deadline for petitioning for judicial review set forth in Iowa Code section 17A.19(3). The claimant appealed.

On appeal, we agree with the district court. The section 17A.19(3) deadline is not a "statute of limitations, statute of repose, or similar deadline for

---

[1]*See* Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Apr. 2, 2020) [hereinafter Apr. 2 Order], https://www.iowacourts.gov/collections/485/files/1076/embedDocument/ [https://perma.cc /P9L3-H3HZ]; Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (May 8, 2020) [hereinafter May 8 Order], https://www.iowacourts.gov/collections/497/files/1091/embedDocument/ [https://perma.cc /P2TZ-QMFM].

commencing an action in district court." Apr. 2 Order at 9. It is fundamentally different. It is an appellate deadline. There are and were practical reasons during the COVID pandemic to treat appellate deadlines differently from original deadlines. An attorney tasked with filing an appeal does so on a record that is already complete. In many cases, as here, the attorney has a preexisting attorney–client relationship with the client. Thus, avoiding person-to-person contact—the fundamental concern that drove this court's early supervisory orders—is less of an issue for appeals. For these reasons, and others we discuss herein, we conclude the district court correctly dismissed the claimant's petition for judicial review.

## II. Facts and Procedural History.

Jennifer Askvig worked for Snap-On Logistics Company d/b/a Snap-On Tools. In the middle of 2017, she realized she had sustained a work injury. This resulted in her undergoing right carpal tunnel surgery. With the assistance of her present counsel, Askvig pursued workers' compensation benefits.

In an appeal decision dated February 5, 2020, the workers' compensation commissioner ordered Snap-On to pay temporary total disability benefits to Askvig related to her right extremity injury for a seven-week period in 2017. The commissioner also ordered Snap-On to pay interest, medical expenses, and costs, including the costs of an independent medical examination. However, the commissioner rejected Askvig's claim that she had also sustained a right shoulder occupational injury.

On February 25, Askvig, through counsel, filed an application for rehearing. The commissioner did not act on the application. Therefore, on March 16, it was deemed denied. *See* Iowa Admin. Code r. 876—4.24 (providing that an application for rehearing is deemed denied if not acted upon within twenty days).

Thereafter, according to Iowa Code section 17A.19(3), Askvig had thirty days, or until April 15, to file a petition for judicial review. *See* Iowa Code § 17A.19(3) ("If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied."). This time period coincided with the onset of the COVID pandemic in Iowa. Askvig's counsel later explained that during this time, he continued to work in the office, but his staff were working from remote locations. In any event, no petition for judicial review was filed.

On May 5, Snap-On's counsel wrote Askvig's counsel by email as follows:

> By my calculations, the deadline to file an application for judicial review has expired for this matter. Can you please confirm you have not filed an application for judicial review? If so, I will move forward with asking my client to issue check(s) to pay out the award. My calculation of the award amounts are as follows. Please let me know if you agree.

Thirteen days later, on May 18, Askvig's counsel responded by email, claiming that this court's supervisory orders dated April 2 and May 8 had the effect of tolling the deadline for seeking judicial review. That same day, Askvig's counsel filed a petition for judicial review in the Polk County District Court.

Snap-On moved to dismiss the petition, asserting that it was untimely under Iowa Code section 17A.19(3). Askvig resisted the motion, supporting her resistance with an attorney affidavit and citations to our court's COVID-related supervisory orders of April 2 and May 8.

The district court held a hearing on Snap-On's motion to dismiss on July 7. Two days later, the court issued an order granting the motion. Askvig appealed, and we retained the appeal.

### III. Standard of Review.

"We review the granting of a motion to dismiss for errors at law." *Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 593 (Iowa 2016) (quoting *Cooksey v. Cargill Meat Sols. Corp.*, 831 N.W.2d 94, 96 (Iowa 2013)).

### IV. Legal Analysis.

Iowa Code section 17A.19(3) governs the timing of petitions for judicial review. It states,

> If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied. If a party does not file an application under section 17A.16, subsection 2, for rehearing, the petition must be filed within thirty days after the issuance of the agency's final decision in that contested case.

Askvig concedes that her petition for judicial review is untimely under this section. However, she relies on two COVID-related supervisory orders of our court.

Our supervisory order of April 2, 2020, provided,

**STATUTE OF LIMITATIONS**

33. **Tolled.** Any statute of limitations, statute of repose, or similar deadline for commencing an action in district court is hereby tolled from March 17 to June 1 (76 days). Tolling means that amount of time [is added] to the statute of limitations or similar deadline. So, for example, if the statute would run on April 8, 2020, it now runs on June 23, 2020 (76 days later).

Apr. 2 Order at 9.

A follow-up order of May 8 reiterated,

**FURTHER PROVISIONS RE STATUTE OF LIMITATIONS TOLLING**

3. **Statute of Limitations Tolling**. As previously ordered on April 2, 2020, any statute of limitations, statute of repose, or similar deadline for commencing an action in district court is tolled from March 17 to June 1 (76 days). Tolling means that amount of time is added to the statute of limitations or similar deadline.

May 8 Order at 2.

Clearly, the deadline in Iowa Code section 17A.19(3) is not a statute of limitations or a statute of repose. The fighting issue on appeal is whether it is a "similar deadline for commencing an action in district court." We believe it is not for several reasons.

To begin with, the thirty-day deadline in Iowa Code section 17A.19(3) is different from a statute of limitations or a statute of repose in that it is an *appellate* deadline. "District courts exercise appellate jurisdiction over agency actions on petitions for judicial review." *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013); *see also Harrington Trucking, Inc. v. Iowa Dep't of Transp.*, 526 N.W.2d 528, 529 (Iowa 1995) ("The district court exercises appellate jurisdiction when reviewing the final administrative decision

of a state agency."); *Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 420 (Iowa 1994) ("Historically, we have distinguished cases involving a district court's appellate jurisdiction from those invoking its original jurisdiction. Where a party attempts to invoke the district court's appellate jurisdiction, compliance with statutory conditions is required for the court to acquire jurisdiction."); *Black v. Univ. of Iowa*, 362 N.W.2d 459, 462 (Iowa 1985) ("Fundamentally, in judicial review proceedings the district court exercises only appellate jurisdiction . . . ."). The party petitioning for judicial review is not "commencing an action in district court"; they are continuing the action.[2]

When a party is invoking appellate jurisdiction, as here, their claims have already had a full hearing. This helps explain why there is often less tolerance for equitable modification of appellate deadlines. Also, as the district court noted,

> [T]here are practical distinctions between judicial review proceedings and original jurisdiction cases. The coronavirus crisis created real obstacles to filing and serving original actions. Attorneys had more difficulty meeting with clients and potential witnesses before filing an action. Service is complicated because process services may need to come into personal contact with defendants. These concerns do not apply to judicial review cases. The attorneys and clients have already been through a contested case hearing and intra-agency appeal. The facts and arguments have already been developed. The decision to take the next step to judicial review does not require the same level of personal contact. Service can be made by regular mail, so personal contact can be completely avoided.

---

[2]This characterization is even more apt for workers' compensation judicial review proceedings. In a petition for judicial review of a contested-case decision of the commissioner, the agency is not a party. Rather, the parties remain the claimant and the employer, just as they were before the agency. *See* Iowa Code § 86.29.

We generally agree with these cogent observations. Filing a judicial review petition (like pursuing other types of appeals) would not normally present the same COVID-related difficulties that come with bringing an original action.

Appellate deadlines, such as the thirty days at issue here, are short by design. This is due to the need for finality. Extending a thirty-day deadline by seventy-six days would have had far greater relative impact than the same seventy-six-day extension for a statute of limitations or statute of repose, which are typically calculated in years. *See* Iowa Code § 614.1 (setting forth certain statutes of limitations and repose). In this respect as well, the deadline in Iowa Code section 17A.19(3) differs from a statute of limitations or statute of repose.

Moreover, the thirty-day deadline in section 17A.19(3)—unlike a statute of limitations or a statute of repose—is *jurisdictional. Jacobs*, 887 N.W.2d at 593. "A timely petition for judicial review from an administrative decision is a jurisdictional prerequisite." *City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001); *see also Sharp v. Iowa Dep't of Job Serv.*, 492 N.W.2d 668, 669 (Iowa 1992) (per curiam) ("A timely petition for judicial review to the district court is a jurisdictional prerequisite for review of final agency action."); *Foley v. Iowa Dep't of Transp.*, 362 N.W.2d 208, 210 (Iowa 1985) ("Timely appeal is a jurisdictional prerequisite for judicial review."); *Ford Motor Co. v. Iowa Dep't of Transp. Reguls. Bd.*, 282 N.W.2d 701, 703 (Iowa 1979) (holding that the district court was without jurisdiction to consider an untimely petition for judicial review).

Unlike a statute of limitations or statute of repose, the thirty-day deadline for filing a judicial review petition cannot be waived by the opposing party and is not subject to equitable tolling doctrines like estoppel. *Compare Cooper v. Kirkwood Cmty. Coll.*, 782 N.W.2d 160, 164 n.1 (Iowa Ct. App. 2010) (noting that "a lack of subject matter jurisdiction cannot be waived"), *with Est. of Anderson ex rel. Herren v. Iowa Dermatology Clinic, PLC*, 819 N.W.2d 408, 414 (Iowa 2012) (explaining that "fraudulent concealment allows a plaintiff to pursue a claim that would be otherwise time barred under the statute of repose").

In *Sharp v. Iowa Department of Job Service*, we rejected a claim that a provision in the Iowa Rules of Civil Procedure extending the filing deadline when timely service was made by mail could apply to a petition for judicial review. 492 N.W.2d at 669–70. Quoting an earlier case, we said, "The courts of our state cannot expand their judicial review jurisdiction by allowing appeal of agency action in contested cases beyond the time limit specified for that purpose by the legislature." *Id.* at 669 (quoting *Sioux City Brick & Tile Co. v. Emp. Appeal Bd.*, 449 N.W.2d 634, 638 (Iowa 1989)).

Additionally, the legislature has entrusted the field of workers' compensation primarily to the executive branch. Workers' compensation is an administrative process. *See generally* Iowa Code ch. 86 (establishing the Iowa Division of Workers' Compensation and setting forth its duties and procedures). By contrast, statutes of limitations and repose govern primarily litigation between private parties. In extending the latter deadlines, we were acting in an area where courts traditionally resolve disputes. Such extensions do not typically

deny finality to the actions of another branch of government. On the other hand, extending the deadline for petitioning for judicial review of administrative actions would affect the finality of many actions of a separate branch of government. In this respect as well, the section 17A.19(3) deadline is different.

Notably, Askvig's attorney does not claim that he delayed filing the petition for judicial review *in reliance on* the court's April 2 or May 8 supervisory orders. Rather, he points to the following COVID-related issues while conceding, at the same time, that the deadline was "overlooked" by his office:

> Because of the hearing workload prior to and after the office was closed to the public, the failure of the commissioner to respond to the 2/25/20 rehearing application, and the general stresses and confusion of self-sheltering in both the office and at home, both the undersigned's legal assistant and he overlooked the fact that the "deemed denied" event had occurred on 3/16/20 and that the judicial review needed to be filed on or before 4/15/20.

Askvig's attorney is a busy practitioner who appears frequently in the appellate courts. We do not doubt the veracity of these statements. Still, these statements about the burdens imposed by COVID are general in nature and could have justified the extension of *any* deadline. That is not what we did in the April 2 and May 8 supervisory orders.

Askvig raises several additional arguments. She maintains that "similar deadline" must mean something, and that to have a meaning, it must include appellate deadlines. We respectfully disagree. While only this case is before us, and we make no prediction as to how any other case would be decided, other deadlines do exist that are more akin to statutes of limitations or repose. *See, e.g.,* Iowa Code §§ 615.1, .1A.

Askvig also argues that this court had authority, given the COVID emergency, to extend the thirty-day deadline in Iowa Code section 17A.19(3). We do not decide that issue. We hold only that the April 2 and May 8 supervisory orders did not have that effect.

Askvig separately argues that she substantially complied with Iowa Code section 17A.19(3). She cites precedent where we have recognized substantial compliance with the service requirements of section 17A.19(2). *See Logan v. Bon Ton Stores, Inc.,* 943 N.W.2d 7, 10–12 (Iowa 2020); *Ortiz v. Loyd Roling Const.,* 928 N.W.2d 651, 654 (Iowa 2019); *Monson v. Iowa C.R. Comm'n,* 467 N.W.2d 230, 232 (Iowa 1991); *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988); *Frost v. S.S. Kresge Co.*, 299 N.W.2d 646, 648 (Iowa 1980) (en banc). But we have never applied such an approach to the thirty-day deadline in section 17A.19(3). Askvig concedes, "[I]t is plain that the appellate courts have applied this statute very narrowly." In any event, Askvig did not substantially comply with section 17A.19(3) when she filed her petition for judicial review on the sixty-third day.

**IV. Conclusion.**

For the foregoing reasons, we affirm the district court's order of dismissal.

**AFFIRMED**.