**Nelson S. Riley, III, Susan B. Riley and Ocean Sailing, Inc. v. State of Vermont**

[329 A.2d 631]

No. 118-74

Present: **Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)**

Opinion Filed December 3, 1974

*McKee, Clewley & FitzPatrick*, Montpelier, for Plaintiffs.

*Kimberly B. Cheney*, Attorney General, and *Georgiana O. Miranda*, Assistant Attorney General, for Defendant.

**Barney, C.J.** This is a tax case, relating to the tax on gains from sale or exchange of land under Chapter 236 of Title 32, Vermont Statutes Annotated. It involves some land transfers made just prior to the effective date of the gains tax. The State tax department reviewed the transactions and refused to recognize as *bona fide* transactions certain intermediate transfers between the Rileys and the corporation, Ocean Sailing, Inc. At this point, the plaintiffs began an action in superior court seeking to reverse or set aside the tax department's assessments.

The State moved to dismiss on the grounds of failure to exhaust administrative remedies, and the lower court, after hearing, made findings and ordered dismissal. We affirm.

The plaintiffs are disputing a tax assessment. 32 V.S.A. § 10009(e) imports into the procedures relating to the tax here involved all of the administrative provisions of Chapter 151 of Title 32. That chapter sets out the line of review of such questions culminating in a final administrative determination by the Commissioner of Taxes. An appeal from the decision lies with the superior court. 32 V.S.A. §§ 5883–5885. Furthermore, the Legislature has made its purpose abundantly clear by defining this statutory route as the "exclusive remedy" in 32 V.S.A. § 5887. This is a binding legislative limitation on the course of review of the action of the Commissioner of Taxes available to the taxpayer.

This also constitutes a clear requirement of exhaustion of administrative remedies in cases involving the usual challenges to deficiency claims or assessments of penalty or interest. The taxpayer is bound to follow the prescribed course. We have so indicated in cases like *Fisher* v. *Marlboro*, 131 Vt. 534, 535, 310 A.2d 119 (1973); and *Wright* v. *Preseault*, 131 Vt. 403, 407, and 411, 306 A.2d 673 (1973), and we do so here.

*Affirmed.*