## In re Thomas C. Sawyer Estate

No. 86-177

[546 A.2d 784]

Present: **Allen, C.J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), Costello, D.J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed December 11, 1987

Motion for Reargument Denied April 22, 1988

*B. Michael Frye* and *Charles F. Storrow* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellee.

*Jeffrey L. Amestoy*, Attorney General, and *Elizabeth Dennis Anderson*, Assistant Attorney General, Montpelier, for Defendant-Appellant.

**Costello, D.J.** (Ret.), Specially Assigned. The Department of Taxes (Department) appeals from the trial court's holding that certain income received by the appellee Estate (Estate) is not taxable. We affirm in part and reverse in part.

Part of the Estate's income is dividend income received from the Trust for Short Term United States Government Securities (Trust). For the fiscal year ending November 30, 1983, the Estate received a distribution of $4,039.38 from the Trust. The administrator filed a Vermont fiduciary income tax return for this distribution and paid a tax on the full amount.

On May 7, 1984, the administrator filed an amended return for fiscal year 1983, seeking a refund of the tax it had paid on the distribution from the Trust. The Department refunded the amount of tax paid on distributions received on or before May 31, 1983, but refused to refund the amount paid on distributions received after that date. The proration of the refund stemmed from a change in the Department's policy for treating income from the Trust. On May 31, 1983, the Department notified the Trust that it had reversed its earlier policy and would treat distributions received from the Trust from that day forward as taxable income.

During the period May 31 through November 30, 1983, for which the Department refused to refund the challenged tax, the trust derived 71.62 percent of its income from investments in securities issued by the United States government and the remaining 28.32 percent from investments in "repurchase agreements" for government securities. The trustees distributed all of the net income from these investments to its shareholders. The Trust instrument provides for retention and reinvestment of net income and for trading in nongovernmental securities, but the trustees did not exercise either of these options during the period in question.

The Estate appealed the Department's ruling to the Commission of Taxes, claiming that the income was exempt from state taxation under 31 U.S.C. § 3124(a), which precludes state taxation of federal obligations or "the interest thereon."* The Commissioner disagreed and affirmed the Department's refusal to refund the tax. The Estate then appealed to the superior court, pursuant to 32 V.S.A. § 5885(b) and V.R.C.P. 74(a). The court reversed the Commissioner's ruling, holding that all of the income received from the Trust was exempt from state taxation under 31 U.S.C. § 3124(a). The Department appeals from the trial court's decision. The parties have stipulated to the facts as found by the Commissioner and dispute only the applicability of 31 U.S.C. § 3124(a).

I.

In *American Bank & Trust Co.* v. *Dallas County*, 463 U.S. 855, 862 (1983), the Court emphasized the "sweeping" scope of the exemption from state taxation provided for by § 3124(a). The Court then stated the statutory rule in plain language: "[Rev.

---

\* Section 3124(a) provides:

   Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except—
   
   (1)   a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation; and
   
   (2)   an estate or inheritance tax.

When the claim was filed, § 3124(a) was codified as 31 U.S.C. § 742. Both are codifications of Rev. Stat. § 3701. The parties agree that § 742, though slightly different in form than § 3124(a), is identical in meaning, and that § 3124(a) should be viewed as the applicable statute.

Stat. §] 3701 prohibits any form of tax that would require consideration of federal obligations in computing the tax . . . ." *Id.* at 865.

The State has stipulated, and the Trust's prospectus bears out the fact, that 71.62 percent of the Trust's income was derived from investments in federal obligations. Because the Trust distributed the net income from these investments directly to the shareholders, the State's taxation of that income was unquestionably a tax on the interest income from federal obligations and therefore unlawful.

The Department attempts to elude this straightforward application of the plain meaning of the statute by claiming that the Trust should not be treated as a "conduit" of the interest income in this manner. It asserts that the Trust is the recipient of the income rather than the shareholders and that the character of the income as interest from federal obligations is thereby lost. In view of the fact that the Trust distributed all of its net income directly to its shareholders instead of retaining it and reinvesting it in nonfederal obligations, the Department's distinction is unpersuasive.

■ The State also contends that Vermont's taxation scheme of "piggybacking" its tax onto the federal procedure makes § 3124(a) inapplicable. Under the state taxation scheme, the state tax is computed as a fixed percentage of the federal tax; that which is taxable as federal income is taxable as state income, and that which is exempt from federal taxation is exempt from state taxation. According to the State, the interest income at issue is subject to federal taxation under the federal revenue code and should therefore be subject to state taxation absent an express act by the state legislature to remove the applicable federal code provisions from the state statutory scheme. As the trial court concluded, however, the federal revenue code only defines federal income tax law and has no bearing on the issue of state taxation. Moreover, federal law with respect to state taxation is set forth by § 3124(a), and it is applicable by virtue of the Supremacy Clause, Article VI of the United States Constitution regardless of state action or inaction to the contrary.

## II.

█ The trial court further concluded that no distinction could be drawn between Trust income derived directly from federal obligations and that obtained as profits from repurchase agreements. This conclusion was erroneous. While the repurchasing agreements nominally involve federal obligations, the profits derived therefrom are not interest income attributable to the federal obligations.

When holding federal obligations as part of a repurchase agreement, the Trust holds them, in essence, as security for a loan to the original purchaser of the federal obligations. When entering into a repurchase agreement, the original purchaser becomes a "seller" and conveys the federal obligation to the Trust. The parties agree to a reconveyance of the obligation at a future time for the sale price plus an agreed upon interest rate. As part of the agreement, the Trust pays the interest earned on the federal obligation directly to the seller or retains it and turns it over to the seller when the security is repurchased. It must keep the repurchase agreement securities separate from other Trust securities and cannot convey them to anyone except the seller in accordance with the agreement. The seller thus benefits by gaining access to the capital invested in the federal obligation, plus the interest thereon, while the Trust benefits from the interest earned on the loan provided to the seller. The income gained by the Trust from these arrangements is therefore interest income on the loan the Trust provides the seller, rather than interest income derived from the federal obligation, and is not exempt from state taxation under § 3124(a). See *American National Bank* v. *United States*, 421 F.2d 442 (5th Cir. 1970).

*The order is affirmed with respect to the 71.62 percent of the interest income derived from investments in federal obligations; the order is reversed and remanded with respect to the remaining income derived from repurchase agreements.*