### James Hirsch and Barbara Hirsch v. Vermont Department of Taxes

### David L. Maher and Karen F. Maher v. Vermont Department of Taxes

### Justine Stone, Richard Stone and Beatrice Guyett v. Joyce Errecart, Commissioner, Vermont Department of Taxes and the State of Vermont

[675 A.2d 1318]

Nos. 94-229, 94-238, 94-295

Present: **Gibson, Dooley, Morse and Johnson, JJ., and Bryan, Supr. J., Specially Assigned**

Opinion Filed August 11, 1995

Motion for Reargument Denied October 31, 1995

*Jon R. Eggleston* and *Peter F. Young* of *Miller, Eggleston & Rosenberg, Ltd.*, Burlington, for Plaintiffs-Appellees Hirsch.

*David J. Mullett* of *Cheney, Brock, Saudek & Mullett, P.C.*, Montpelier, for Plaintiffs-Appellees Maher and Plaintiffs-Appellants Stone and Guyett.

*Jeffrey L. Amestoy*, Attorney General, and *Mary L. Bachman*, Special Assistant Attorney General, Montpelier, for Vermont Department of Taxes, Commissioner Errecart, and State of Vermont.

*Charles R. Tetzlaff*, United States Attorney; *Thomas D. Anderson*, Assistant United States Attorney, Burlington; *Frank W. Hunger*, Assistant Attorney General; and *Barbara C. Biddle, Jeffrica Jenkins Lee* and *Jennifer Hay Zacks*, Department of Justice, Washington, D.C., for Amicus Curiae United States.

■ **Gibson, J.** In these consolidated appeals, we consider whether 32 V.S.A. § 5822, as it existed in 1989 through 1992, improperly taxed income earned on federal obligations. The Washington Superior Court concluded § 5822 impermissibly taxed such income and held the statute unconstitutional. We conclude that § 5822 as it existed during 1989 through 1992 violates 31 U.S.C. § 3124, which exempts United States stocks and obligations from state taxation with two exceptions not relevant here.

Vermont imposes an individual income tax based upon earned income during each tax year. See 32 V.S.A. § 5822. The tax is a progressive one which "piggybacks" the federal income tax scheme. See *Oxx v. Vermont Dep't of Taxes*, 159 Vt. 371, 375, 618 A.2d 1321, 1323 (1992). The Vermont tax is measured by a percentage of the taxpayer's federal income tax liability. See 32 V.S.A. § 5822. Only Vermont income is subject to the tax, see *id.* § 5820(b), and § 5822 provides an adjustment to account for exempt income. Income earned from federal obligations, such as United States savings bonds, is not Vermont income, see *id.* § 5811(18); thus, taxpayers with such income may reduce their Vermont tax liability pursuant to § 5822.

During tax years 1989 through 1992, the statute permitted only one formula for calculating the adjustment. This formula, called the adjustment method, allowed taxpayers to reduce their Vermont tax liability by a percentage equal to the percentage that their non-Vermont income represented to their total adjusted gross income. Prior to 1989, and beginning again in 1993, the Legislature gave owners of federal obligations the option of recomputing their federal tax liability, and hence their Vermont income tax liability, by deducting from their federal adjusted gross income any income earned from federal obligations. The taxpayers involved in this appeal all own federal obligations and claim that the adjustment method unlawfully taxed the interest earned on those obligations.*

---

*The taxpayers in No. 94-295 did not appeal to the Commissioner of Taxes, but contested 32 V.S.A. § 5822 in the Washington Superior Court. The superior court dismissed the cause, concluding that the taxpayers, who had requested class certification, had failed to exhaust available administrative remedies within the Department of

In Docket No. 94-229, appellees James and Barbara Hirsch reported $8175 in federal obligation interest on their 1989 federal income tax return. To compute their Vermont income tax liability the Hirsches recalculated their federal tax liability by excluding from federal taxable income their federal interest income. The Department of Taxes disallowed the recalculation and assessed $210.80 in additional taxes. The Hirsches paid the additional tax, noting on their payment that they paid the assessment under protest. In 1991, they filed for a refund of the $210.80 under 32 V.S.A. § 5884.

In 1990, the Hirsches again excluded their earned federal interest income from their federal taxable income when calculating their Vermont income tax. Using this recalculation, the Hirsches showed an overpayment of $776.87, which they requested the Department to apply to their 1991 estimated payments. Again, the Department disallowed the recalculation and adjusted the overpayment downward by $237.03. The Hirsches subsequently requested a redetermination of their tax liability under 32 V.S.A. § 5883.

As in 1989 and 1990, the Hirsches excluded federal interest income from their federal taxable income to calculate their Vermont income tax for 1991. They calculated an overpayment of $318.78, which they requested the Department to apply to their 1992 obligation. The Department recomputed the Hirsches' taxes, again using the adjustment method it had followed in 1989 and 1990. The Department then reduced the claimed overpayment by $479.63, which left a balance due of $160.85. The Hirsches appealed to the Commissioner for a recalculation.

The Commissioner upheld the Department's assessments for each year, and the Washington Superior Court reversed, holding § 5822 unconstitutional. The Department appeals to this Court.

In Docket No. 94-238, appellees David and Karen Maher reported $7600 in federal interest income on their 1991 federal tax return. In calculating their Vermont tax for that year, the Mahers used the

---

Taxes. We consolidated this case only to consider the validity of 32 V.S.A. § 5822 as it existed between 1989 and 1992. The remaining issues to be resolved on appeal were continued for consideration at a later time by order of this Court, if necessary.

adjustment method required by § 5822, and showed an overpayment of $558. Nevertheless, they requested a refund for $886 after calculating their Vermont tax by recomputing their federal tax liability with the federal interest income excluded. The Department reduced the Mahers' refund by $327.56. The Mahers appealed to the Commissioner, who upheld the Department's calculation. The superior court subsequently reversed, and struck down § 5822 as unconstitutional. The Department appeals.

Although the superior court held § 5822 unconstitutional, we conclude that the adjustment method violates 31 U.S.C. § 3124 because it does not provide an adequate exemption for federal interest income. We therefore do not address the constitutional issues raised by appellees or amicus.

Section 3124(a) of United States Code Title 31 exempts from state taxation United States stocks and obligations or the interest earned thereon. With the exception of a nondiscriminatory franchise tax, other nonproperty corporate tax, and estate or inheritance taxes, the statute provides that "[t]he exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax." 31 U.S.C. § 3124(a). A state may not consider the federal obligation either directly or indirectly in computing the tax. *American Bank & Trust Co. v. Dallas County*, 463 U.S. 855, 862 (1983); see also *Nebraska Dep't of Revenue v. Loewenstein*, 513 U.S. 123, 128, 115 S. Ct. 557, 562 (1994) (§ 3124 prohibits state tax that considers either federal obligation or interest earned from obligation); *In re Sawyer Estate*, 149 Vt. 541, 543-44, 546 A.2d 784, 785 (1987) (same). The obligation is "considered" within the meaning of § 3124 when its value is included in calculating the taxable value of a taxpayer's net worth or assets for the purpose of a property tax. *Loewenstein*, 513 U.S. at 128-29, 115 S. Ct. at 562. Similarly, "the interest on the obligation is 'considered' when that interest is included in computing the taxpayer's net income or earnings for the purpose of an income tax or the like." *Id.* at 129, 115 S. Ct. at 562; cf. *Brown v. Franchise Tax Bd.*, 242 Cal. Rptr. 810, 812-13 (Ct. App. 1987) (investors may exclude from income dividends paid by investment company where dividends derived from interest earned on federal obligations).

Even though there is a later tax adjustment, appellees' federal income is considered in determining their taxable income as described in *Loewenstein*. Nevertheless, the Department claims that the adjustment method provides an exemption for federal obligation

income consistent with the requirements of § 3124 and *First National Bank of Atlanta v. Bartow County Bd. of Tax Assessors*, 470 U.S. 583 (1985). In *Bartow*, the United States Supreme Court considered whether 31 U.S.C. § 742, now § 3124, required states to allow banks to deduct the full value of their tax-exempt federal obligations when calculating net worth for the purposes of a state bank-shares tax. The tax base in *Bartow* was the bank's net worth. The net worth was calculated by a formula that did not exclude federal obligations, which were represented on both the assets and liabilities columns of the bank's balance sheet. The Georgia Supreme Court had saved the Georgia bank-shares tax by requiring a deduction from the bank's net worth equal to the percentage of assets attributable to tax-exempt federal obligations. *Bartow*, 470 U.S. at 597. The bank appealed to the United States Supreme Court, arguing that it was entitled to deduct the full value of its federal obligations from its assets before calculating net worth. The Court rejected the bank's argument and upheld the Georgia court's decision. *Id.* at 596-97.

The Court reasoned that tax-exempt federal obligations may be charged with their "fair share of related expenses or burdens," *id.* at 593, because § 3124 is not a tax shelter for otherwise taxable income or assets. See *id.* at 597. The bank's proposal would have immunized assets from the tax because some of the federal obligations it sought to deduct were actually represented by liabilities. The Court concluded that the pro rata deduction fairly and lawfully exempted only that portion of assets attributable to federal obligations. *Id.*; see also *Mandel v. Limbach*, 635 N.E.2d 315, 316-17 (Ohio 1994) (per curiam) (Ohio income tax excludes from adjusted gross income exempt federal interest income less interest expense as permitted under *Bartow*).

The Department analogizes § 5822's adjustment method to the pro rata deduction permitted in *Bartow*. The Department claims that the adjustment method prevents sheltering otherwise taxable income and properly allocates a pro rata share of deductions to the tax-exempt income. The Department points out, for example, that an individual may incur debt to purchase tax-exempt federal obligations just as the bank's liabilities were attributable to its federal obligations in *Bartow*. The Department argues that the adjustment method prevents the taxpayer from deducting both the full value of the federal interest income and the interest on the debt used to purchase the tax-exempt income.

The Department's analogy to the permissible adjustment in *Bartow* must fail. Under Vermont's income tax scheme, income derived from federal obligations is necessarily included in calculating the Vermont tax because interest earned on federal obligations is included as income for federal tax purposes. Thus, "that which is taxable as federal income is taxable as state income" due to the piggyback nature of Vermont's taxing scheme. *In re Sawyer Estate*, 149 Vt. at 544, 546 A.2d at 785. The pro rata adjustment in *Bartow* was acceptable because the federal obligations were deducted from the *tax base* to the extent they were represented there before the tax was computed. Vermont's pro rata adjustment does not accurately exempt the immune income because it is applied to the Vermont tax and not to income which is in the tax base. See *Loewenstein*, 513 U.S. at 129, 115 S. Ct. at 562. A proper analogy to the *Bartow* deduction would be a pro rata adjustment to the taxpayer's adjusted gross income. See *Yurista v. Commissioner of Revenue*, 460 N.W.2d 24, 27 (Minn. 1990) (Minnesota income tax effectuates § 3124(a) by providing deduction for income on federal obligations from taxpayer's net income); *Mandel*, 635 N.E.2d at 316-17 (*Bartow* permits state to exempt only federal interest income less interest expense in calculating income tax); *Dale National Bank v. Commonwealth*, 465 A.2d 965, 967 (Pa. 1983) (Pennsylvania bank-shares tax violated § 3124(a) because it was based on capital accounts that included federal obligations); cf. *United States v. Kansas*, 810 F.2d 935, 936-37 (10th Cir. 1987) (Kansas income tax, which includes exempt military income in determining tax rate, but excludes that income from tax base, does not violate federal statute prohibiting taxation on military pay of nonresident service personnel in that state pursuant to orders). Because the Vermont and federal taxes are progressive, the adjustment method will necessarily result in a higher tax when it is applied to the Vermont tax rather than to income. Inasmuch as the adjustment method taxes federal interest income, it violates § 3124.

The Department next argues that our decision to affirm the superior court should apply prospectively only, effectively denying relief to appellees. In *Reich v. Collins*, 513 U.S. 106, 111, 115 S. Ct. 547, 550 (1994), the United States Supreme Court held that the state may not deny that a remedy exists where a tax refund statute plainly provides for a postdeprivation remedy. In this case, 32 V.S.A. § 5884(b) provides that "the commissioner shall forthwith refund" to the taxpayer any amount that exceeds the amount of tax liability owing from the taxpayer to the state, if the refund request is made

within three years. Each of the taxpayers made timely refund requests in each of the years in question. Thus, appellees are entitled on remand to meaningful retroactive relief. *Id.* at 114, 115 S. Ct. at 551.

*Docket numbers 94-229 and 94-238 are affirmed and remanded to the Washington Superior Court for further proceedings not inconsistent with this opinion.*

**Dooley, J.,** concurring. Although I agree with the Court's decision and rationale, I want to clarify what I believe has not been decided. We have decided that the use of the adjustment method conflicts with 31 U.S.C. § 3124. We *have not* decided that only the recomputation method would comply with that statute.

The State used the adjustment method rather than the recomputation method because the former almost always results in a higher tax liability, and never results in a lower tax liability. The reason for this is the progressivity of Vermont's income tax, derived from the progressivity of the federal income tax on which it is piggybacked. Higher incomes are taxed at higher rates so that income exclusion reduces both the income to be taxed and the average rate of taxation. In effect, the adjustment method takes out the federal obligation income, but the average taxation rate remains as if the federal obligation income were still present.

The State does have a point, however, that pure application of the recomputation method can result in a tax shelter that should not be protected by § 3124. For example, if a high income individual had 95% of his or her income from federal obligation income, it is inappropriate to allow the remaining income to become untaxable as a result of personal exemptions and deductions. To continue the example, imagine if the individual gave 5% of his or her total income to charity. It is unreasonable to allow a full offset of the charitable deduction against taxable income, reducing taxable income to zero, as if none of the federal obligation income were used to support the charitable contributions.

In my opinion, Vermont could create a system of allocating exemptions and deductions between taxable and nontaxable income, which would pass muster under § 3124 as interpreted in *Bartow* but which would not allow the State to gain from the progressivity of the income tax. The system would be more complicated and would achieve a result between the adjustment and recomputation methods

in many cases. Because the State failed to create such a system, it cannot prevail here.

I am authorized to say that Judge Bryan joins in this concurrence.