# Justine and Richard Stone and Beatrice Guyett v. Joyce Errecart, Commissioner, Vermont Department of Taxes and the State of Vermont

[675 A.2d 1322]

No. 94-295

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 9, 1996

Motion for Reargument Denied March 6, 1996

*David J. Mullett* of *Cheney, Brock, Saudek & Mullett, P.C.,* Montpelier, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy*, Attorney General, and *Mary L. Bachman*, Special Assistant Attorney General, Montpelier, for Defendants-Appellees.

**Dooley, J.** This is a companion opinion to *Hirsch v. Vermont Dep't of Taxes*, 164 Vt. 321, 675 A.2d 1318 (1995), in which we held that where a taxpayer earned income from federal obligations, the method of calculating taxable income required under 32 V.S.A. § 5822 violated 31 U.S.C. § 3124. Unlike the taxpayers in *Hirsch*, the taxpayers involved in this decision, Justine and Richard Stone and Beatrice Guyett, did not seek a refund from the Commissioner of Taxes pursuant to 32 V.S.A. § 5884(a), but instead went directly to Washington Superior Court and brought a class action. The superior court dismissed plaintiffs' claim for failure to exhaust administrative remedies. We affirm.

Taxpayers challenge the validity of 32 V.S.A. § 5822 as it existed for tax years 1989 through 1992. During those years, the statute required the use of the adjustment method of calculation in determining Vermont income tax liability of those with federal obligation income. Taxpayers contended that the adjustment method illegally taxed them on interest earned on federal obligations, in violation of 31 U.S.C. § 3124 and the Supremacy Clause of the United States Constitution, and filed suit in Washington Superior Court, seeking a refund of the amount they assert was illegally collected. They also moved to certify a class of all taxpayers with federal obligation income in the years involved. See V.R.C.P. 23. The Commissioner of Taxes filed a timely motion to dismiss, arguing that the superior court lacked jurisdiction because taxpayers had failed to first seek a refund from her as required by 32 V.S.A. § 5884. Taxpayers argued that it was futile to exhaust the administrative remedy because the Commissioner did not have the power to strike down the statute.

On April 25, 1994, the court granted the Commissioner's motion to dismiss, holding that taxpayers had failed to exhaust their administrative remedies. The request for class certification was denied. Taxpayers filed a notice of appeal to this Court on May 11, 1994.

This case was one of three that were appealed to this Court which raised the same substantive attack on 32 V.S.A. § 5822. We consolidated the three cases and addressed the substantive claims in *Hirsch.* We decided that the adjustment method of income calculation, as mandated by 32 V.S.A. § 5822, violated 31 U.S.C. § 3124. In two of the cases, plaintiffs had exhausted all administrative remedies, and we remanded to determine the proper refund. In this third case, we must decide whether plaintiffs' failure to exhaust administrative remedies bars retroactive relief as the superior court held.

Three statutes are relevant to our decision. The first, 32 V.S.A. § 5884(a), provides that within three years after the date a return must be filed, or six months after a federal refund was received, whichever is later, a taxpayer may petition the Commissioner for a refund. The Commissioner must hold a hearing on the request and render a decision. See *id.* The second, 32 V.S.A. § 5885(b), authorizes a taxpayer who is aggrieved by a decision of the Commissioner on a refund request to appeal to the superior court.

The third statute, 32 V.S.A. § 5887(a), is central to this decision. It reads, in pertinent part:

§ 5887. Remedy exclusive; determination final

(a) The exclusive remedy of a taxpayer with respect to the refund of monies paid in connection with a return filed under this chapter shall be the petition for refund provided under section 5884 of this title, and the appeal from an adverse determination of the petition for refund provided under section 5885 . . . .

We applied § 5887 in *Riley v. State*, 133 Vt. 116, 329 A.2d 631 (1974), holding that a land gains taxpayer must follow the administrative appeal route as a prerequisite to judicial review:

[T]he Legislature has made its purpose abundantly clear by defining this statutory route as the "exclusive remedy" in 32 V.S.A. § 5887. This is a binding legislative limitation on the course of review of the action of the Commissioner of Taxes available to the taxpayer.

*Id.* at 117, 329 A.2d at 632. We have applied the *Riley* rationale to other tax appeal statutes. See *City of Winooski v. Matte*, 125 Vt. 463, 465, 218 A.2d 458, 460 (1966) (taxpayer must file objection with town clerk to dispute validity of property tax assessment in defense of town's suit for recovery of taxes); *Holbrook Grocery Co. v. Commis-*

*sioner of Taxes*, 115 Vt. 275, 282, 57 A.2d 118, 122-23 (1948) (prospective taxpayer denied cigarette tax stamp may obtain judicial review only after application to, and determination by, Commissioner of Taxes).

To the Commissioner's argument that this action is foreclosed by § 5887, as held in *Riley*, taxpayers answer that exhaustion of administrative remedies would have been futile because the Commissioner could not have held the statute unconstitutional and given taxpayers any relief. See *Westover v. Village of Barton Elec. Dep't*, 149 Vt. 356, 359, 543 A.2d 698, 700 (1988) (administrative agencies do not have power to determine constitutionality of statutes). They argue that exhaustion is not required where it would be futile.

■ Although taxpayers' argument may have some force in other contexts, their futility claim is unavailing here. The term "exhaustion" is used to describe both the judge-made common-law doctrine and a statutory direction that judicial review is available only if specified administrative procedures are first employed. See 2 K. Davis & R. Pierce, Administrative Law Treatise § 15.3, at 316 (3d ed. 1994). Where the Legislature specifically mandates, exhaustion is required. See *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Where the Legislature "has not clearly required exhaustion, sound judicial discretion governs." *Id.* The futility doctrine has been adopted as part of that discretion to dispense with unnecessary exhaustion of administrative remedies. It has no place, however, in the face of a clear legislative command that exhaustion is required. See *Neff v. State*, 861 P.2d 281, 285 (N.M. Ct. App. 1993).

It is difficult to conceive of a clearer legislative direction than we have here. Not only has the Legislature created an administrative appeal route with a time limit on availability, but it has made it the "exclusive remedy of a taxpayer with respect to the refund of monies." The superior court has no jurisdiction to consider an income tax refund suit by any other route. See *Levy v. Town of St. Albans*, 152 Vt. 139, 141-42, 564 A.2d 1361, 1363 (1989) (similar exclusive remedy language of zoning appeal statute deprives superior court of jurisdiction to hear zoning appeal except in accordance with statutory procedure).* As we held in response to the argument that the

---

* The zoning appeal statute provides that an administrative appeal to the zoning board of adjustment, followed by an appeal to superior court from an adverse decision of that board, is the "exclusive remedy" of an interested person with respect to a zoning dispute. 24 V.S.A. § 4472(a). It is instructive that, unlike the income tax appeal statute,

superior court has discretion to grant a de novo hearing in a tax appeal governed by § 5885, "because these statutes mandate that review on the agency record is the exclusive remedy in this case, there is no room for the exercise of judicial discretion." *State Dep't of Taxes v. Tri-State Indus. Laundries, Inc.*, 138 Vt. 292, 298, 415 A.2d 216, 221 (1980).

We also note that there are clear policy reasons why the Legislature would insist that a taxpayer go through an administrative hearing even if the decision-maker did not have the power to refuse to enforce a statute on constitutional grounds. Under the statutory scheme, development of the record according to the more informal procedures of the administrative procedure act and fact-finding are entrusted to the Commissioner. *Id.* at 295-96, 415 A.2d at 218-19. The Legislature may decide that even in a constitutional challenge, the relevant facts should be determined by the Commissioner rather than through the more formal procedures and rules of evidence applicable in court proceedings. See *W.E.B. DuBois Clubs of America v. Clark*, 389 U.S. 309, 311-12 (1967); *Hogan v. Musolf*, 471 N.W.2d 216, 224 (Wis. 1991) (agencies would become ineffectual if they lost their authority to review a case every time a constitutional claim is asserted). Moreover, the Commissioner is empowered to determine the constitutional applicability of statutes. *Alexander v. Town of Barton*, 152 Vt. 148, 151, 565 A.2d 1294, 1296 (1989). The Legislature may also decide that the courts should have the benefit of the specialized expertise of the Commissioner. See *Neff*, 861 P.2d at 286.

The claim-filing requirements of the tax-appeal statutes are related to governmental immunity and exist for the benefit of the state. See *Lattin v. Franchise Tax Bd.*, 142 Cal. Rptr. 130, 134 (Ct. App. 1977), *overruled on other grounds, Woosley v. State*, 13 Cal. Rptr. 2d 30 (1992). They are conditions the Legislature places on suits against public entities in view of the public interests involved. See *id.; F.M. Burlington Co. v. Commissioner of Taxes*, 134 Vt. 515, 518, 365 A.2d 531, 533 (1976) ("In such proceedings . . . the public interest is vitally affected."). We agree with the observations of the Oregon Supreme Court:

> The opportunity to plan for the fiscal consequences of invalidation and to minimize the disruption of state finances is at the heart of [the procedural remedies]. In order to protect

---

there is a specific exception for challenges to the constitutionality of zoning ordinances or development plans. See *id.* § 4472(b).

its financial stability, the state has chosen to require taxpayers who contest the validity of a state tax law or part thereof to provide notice of their claim of invalidity by instituting legal action. Until a taxpayer does so, the state has no way of preparing and planning for the consequences of the invalidation of the law at issue.

*Ragsdale v. Department of Revenue*, 823 P.2d 971, 978 (Or. 1992) (en banc); see also *Bailey v. State*, 412 S.E.2d 295, 302 (N.C. 1991) (refund demand requirement allows state to determine whether taxes paid can be retained to meet public expenditures).

■ We hold that 32 V.S.A. § 5887 requires that a taxpayer petition for a refund from the Commissioner pursuant to 32 V.S.A. § 5884 before going to superior court. The failure of the taxpayer to exhaust this administrative remedy deprives the superior court of jurisdiction. This is so even if the petition to the Commissioner is futile because the Commissioner is not empowered to grant the relief requested.

■ In reaching this decision, we are cognizant that, consistent with due process of law, the state must provide a clear and certain remedy for an erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is meaningful. See *Williams v. State*, 156 Vt. 42, 52-53, 589 A.2d 840, 847 (1990). "[T]hat remedy is not, as a matter of constitutional necessity, a plenary suit in the court of general jurisdiction." *Id.* at 53, 589 A.2d at 847. Due process does not prevent a state from requiring exhaustion of administrative remedies before judicial intervention into a state tax matter. See *Neff v. State*, 861 P.2d at 284; *Swanson v. State*, 441 S.E.2d 537, 543 (N.C. 1994); *Ragsdale*, 823 P.2d at 978; *Hogan*, 471 N.W.2d at 224. Consistent with due process, a state may impose a statute of limitations on retroactive relief. See *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 45 (1990). The remedy afforded here is clear and certain; there is no due process violation.

The superior court acted properly to dismiss plaintiffs' claim for failure to exhaust administrative remedies.

*Affirmed.*