*Vermont Department of Taxes v. Morrison*, No. 673-10-13 Wncv (Teachout, J., January 20, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Washington Unit | Docket No. 673-10-13 Wncv |

**VERMONT DEPARTMENT OF TAXES,**
    **Plaintiff**

**v.**

**JOSHUA J. MORRISON,**
    **Defendant**

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

In this suit, the Vermont Department of Taxes seeks judgment for unpaid personal income taxes for the years 2006-2011. A hearing on the merits was held on January 13, 2015. The Department was represented by Attorney Elizabeth M. Hannon. Mr. Morrison represented himself.

#### Findings of Fact

For all tax years, Mr. Morrison worked for an employer in Brattleboro, Vermont. His employer withheld amounts from his earnings for Vermont state tax. He did not file Vermont state tax returns on time for any of the tax years 2006-2011.

2006

On July 2, 2008, the Department issued an "Assessment" for the tax year 2006. When a return is not filed, the Department estimates a tax liability based on available information. The Assessment showed a tax amount of $2,560.00, but with penalties, interest, and late fees the total balance due was $3,330.10.

The Assessment includes the following in a separate paragraph: **"You have the right to appeal this assessment.** To exercise your right to appeal, you must notify the Commissioner of Taxes in writing within 60 days of the date of this notice. If you do not appeal within the 60-day period, the assessment becomes fixed." (bold in original)

Mr. Morrison contacted the Department and had communications with Syl Stempel, a tax auditor for many years who recently retired, concerning both 2004 and 2006 tax years. On January 6, 2009, the Department filed a lien in the Town of Brattleboro for unpaid 2004 and 2006 taxes. The amount claimed for 2006 was $1,801.09, significantly less than the amount claimed in the July 2, 2008 Assessment.

On January 14, 2009, Mr. Morrison filed 2004 and 2006 tax returns together with a cover letter to Syl Stempel. This showed the amount of tax for 2006 as $1,280.00, with a balance due, after credit was applied for withheld tax, of $153.00, which he paid that day. The Department claims that Mr. Morrison never filed a written appeal because it does not have a record of it. However, it is clear that the Department's records were adjusted after the July 2008 Assessment based on the January 2009 filing because the tax amount shown in its August 15, 2013 statement is $1,280.00, matching the amount on the return filed in January of 2009, and not the amount on the 2008 Assessment. The Court finds that the Department received the written communication from Mr. Morrison dated January 14, 2009 (Exhibit A), even though the Department cannot locate it. While it was not a timely appeal, it was a writing that concluded communications with Mr. Stempel regarding resolving his 2006 tax liability.

In his January 14, 2009 letter to Mr. Stempel, Mr. Morrison wrote, "Please contact me right away if there are any issues with these filings and also to let me know if there are any other monies due for 2004 & 2006." Mr. Morrison received a form letter dated January 21, 2009 from a collections attorney seeking to collect $3,343.56 in delinquent taxes. Mr. Morrison responded on January 28, 2009, following a phone conversation the previous day, with a fax in which he stated, "I am sending you a copy of the attached letter mailed to Syl Stempel at the Vermont Department of Taxes on January 14, 2009. As the letter indicates, the tax liability for the years in question, 2004 & 2006, is satisfied by the state tax filings and payments made with this letter. . .At this time please accept this written dispute of the validity of the total debt owed as the tax liability has been satisfied."

There is no evidence of any subsequent communication to Mr. Morrison about any additional amounts due for 2006. Mr. Stempel clearly received and accepted the return and adjusted the amount of tax due to match the amount on the return. While the Department claims penalties and claims that interest continues to accrue, these claims are based on its computer records. The evidence presented shows that Mr. Stempel accepted Mr. Morrison's January 14, 2009 resolution regarding 2006 liability. While it would have been reasonable for the Department to seek payment for penalties and interest after Mr. Morrison paid only the remaining tax liability on January 14, 2009, the Department has presented no evidence that it did so or that Mr. Morrison was ever given notice of any claim for any remaining amounts due for 2006 after the significant adjustment made in January of 2009 to the Department's records. Even the complaint in this case, and the documents submitted in connection with the Department's motion for summary judgment, give no notice of the basis for amounts claimed for 2006.

The Department has not met its burden of proof to show any remaining liability in connection with the 2006 tax year.

<u>2010</u>

In Mr. Morrison's letter to Mr. Stempel of January 14, 2009, he referenced that he would be "sending along" his filing for 2007. However, he did not file returns for 2007, 2008, 2009, 2010, or 2011. During those years he continued to work for the same employer who continued to withhold state taxes from his earnings.

On April 12, 2012, the Department issued an Assessment for 2010 taxes. It is unknown why no Assessments were issued at that time for the prior years of 2007, 2008, and 2009 as well. The amount of base tax was $1,910.00, but the total balance claimed, with penalties and interest, was $2,280.88. The Notice included the same paragraph quoted above, i.e., that any appeal must be filed in writing within 60 days or the assessment becomes fixed. Mr. Morrison filed no written appeal, and there is no evidence that he contacted the Department in any way.

On March 14, 2013, the Department sent Mr. Morrison a "Notice of Intent to Obtain Judgment and Garnish Your Wages." This stated that his unpaid taxes were $2,899.00. It did not identify the tax year(s). Mr. Sheridan from the Department testified that it was part of a "general campaign." It appears that it was an effort to provide an opportunity for a taxpayer with delinquent taxes to pay a specified amount within a short period of time to satisfy an outstanding liability. In any event, it stated that to avoid the Department seeking a judgment and garnishment of wages from his employer, he could pay the amount in 2 weeks, by March 29, 2013. It provided contact information for Compliance Officers Thomas Sheridan and Jessica Martin.

On March 29, 2013, Mr. Morrison called and spoke with Mr. Sheridan. During that telephone call, he was advised to file returns for all the missing years, 2007 through 2011, and given Mr. Sheridan's specific address for doing so, which Mr. Morrison wrote down on the Notice. Over the next few months, he had telephone conversations with both Mr. Sheridan and Ms. Martin, who expected that he would be filing the missing tax returns, but he did not do so.

Ms. Martin told him in May that with respect to the 2010 tax year, it was too late to reduce his liability, which had become fixed when he failed to appeal within 60 days of the April 12, 2012 Assessment. He filed his 2010 tax return in November of 2013. As a result, $1,714.40 of the Assessment amount was abated based on credit given for the amount withheld by his employer, with amounts applied first to penalties and interest. On July 9, 2014, the Department sent him a letter showing the results of the abatement, and identifying the balance then due for 2010 as $1,063.92. The balance as of January 13, 2015 is $1,093.14. Of that, $29.22 is interest. The amount due without interest, for the balance of the tax assessment plus a lien fee, is $1,063.92.

<u>2007, 2008, 2009, 2011</u>

On June 19, 2013, the Department issued Assessments for these four tax years based on its estimates. The Notices included the same paragraph quoted above, i.e., that any appeal must be filed in writing within 60 days or the assessment becomes fixed. Mr. Morrison filed no written appeals for any of those tax years. He filed returns for those years in November of 2013. As a result, the Assessment amounts were abated based on credit given for the amounts withheld by his employer, with amounts applied first to penalties and interest. The Department's July 9, 2014 letter showed the abatements for each year and the balances then due. The balances as of January 13, 2015 are as follows:

|  | Amount due | Interest | Total due as of 1/13/15 |
|---|---|---|---|
| 2007: | $2,680.00 | 392.84 | 3,072.84 |
| 2008 | $2,857.00 | 227.23 | 3,084.23 |
| 2009 | $2,553.90 | 47.68 | 2,601.58 |
| 2011 | $2,309.60 | 64.68 | 2,374.28 |

**Conclusions of Law**

As to tax year 2006, the Department did not meet its burden of proof to show that following the resolution and adjustment that was accepted by the Department in January of 2009, the Department ever claimed that any remaining amounts were unpaid. The Department is not entitled to judgment for any amounts relating to 2006.

As to tax years 2007-2011, because Mr. Morrison did not file returns, the Department had the authority under 32 V.S.A. § 5864(b) to estimate tax liability and issue Assessments. Mr. Morrison had the opportunity to file appeals to contest the assessment amounts under 32 V.S.A. § 5883. He did not do so, and the amounts became fixed as a matter of law. Filing a timely appeal of an Assessment is the only manner in which a taxpayer may contest a personal income tax assessment. 32 V.S.A. § 5887(a), (b). The Vermont Supreme Court has determined as a matter of law that a taxpayer is not entitled to have this Court do a new review of the facts and determine tax liability. *Stone v. Errecart,* 165 Vt. 1, 3-4 (1996).

Mr. Morrison argues that when credits were given for the withheld tax after he filed his returns, the credit should have been applied first to the amount of tax, and not to penalties and interest. The law specifically gives the Department discretion to apply funds in the manner it has in this case. 32 V.S.A. § 3112(a). There is no legal basis on which the Court can direct the Department to do otherwise.

4

**Order**

Based on the foregoing, Attorney Hannon shall prepare a Judgment providing that Mr. Morrison has no liability for tax year 2006, and that for tax years 2007-2011, his liability is as follows: $11,464.42 plus interest as of January 13, 2015 of $761.65. Interest will continue to accrue on the unpaid balance.

Once the proposed Judgment is filed, Mr. Morrison will have five business days to file any objection to the form of judgment.

Dated at Montpelier, Vermont, this 20th day of January, 2015.

_____
Hon. Mary Miles Teachout
Superior Court Judge