*Pratt v. Pallito*, No. 175-3-15 Wncv (Tomasi, J., June 15, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 175-3-15 Wncv |

| | |
|---|---|
| Leo P. Pratt,<br>　　　Plaintiff<br><br>v.<br><br>Andrew Pallito,<br>　　　Defendant | |

### Opinion and Order on Defendant's Motion to Dismiss

In this petition for review of governmental action under Vt. R. Civ. P. 75, Plaintiff Leo Pratt seeks review of Defendant Commissioner Andrew Pallito's (the "Department's") imposition of a Major B-16 disciplinary conviction against him based on allegations that he refused to follow an order of a Corrections Officer and disrupted the facility. In an earlier ruling, this Court denied cross-motions for summary judgment as to Plaintiff's claim that, per the Department's own Directives, he could not be found guilty of a B-16 violation if his misconduct also constituted a violation of any other Major rule. The Court concluded that issues of fact precluded summary judgment on that claim.

The Department has now filed a successive Motion to Dismiss based on lack of jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. *See* Vt. R. Civ. P. 12(b)(1) & (h)(3). The Court makes the following determinations.

### Analysis

The Court reviews a motion to dismiss for lack of subject matter jurisdiction under Vt. R. Civ. P. 12(b)(1) "with all uncontroverted factual allegations of the

complaint accepted as true and construed in the light most favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). When administrative remedies are established by statute or regulation, as is so often the case in the context of prisoner litigation, the long-standing rule is that a party must pursue or "exhaust" all such remedies before turning to the courts for relief. *See id.* Failure to exhaust administrative remedies permits a court to dismiss an action for lack of subject matter jurisdiction. *Id.* This allows administrative agencies to exercise their jurisdiction without judicial interference until a final determination has been made. *Id.*; *accord Gundlah v. Pallito*, No. 2010-121, 2010 WL 7789283, at *1 (Vt. Dec. 8, 2010) (requiring exhaustion of inmate's request for kosher meals) (three-Justice opinion); *Martin v. Hofmann*, No. 2007-181, 2008 WL 2815593, at *2 (Vt. Feb. 2008) (inmate's claim for reimbursement required exhaustion) (three-Justice opinion).

The Department's position is that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies. In support of its argument, it relies on the Printed Case submitted by Plaintiff in connection with his motion for summary judgment. Unlike an analysis under Rule 12(b)(6), when considering a motion to dismiss for lack of subject matter jurisdiction, the Court may consider exhibits outside the complaint. *See Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11, 14. For this reason, the Court will consider the Printed Case (PC) in evaluating its defense of lack of subject matter jurisdiction.

Department Directive 410.01 sets out the procedure for inmates to challenge disciplinary violations. The procedure requires inmates to take various levels of

appeal until reaching the Commissioner. PC at 22. The Commissioner serves as the final arbiter of all inmate grievances. *Id.*

In this case, the Department argues, and Plaintiff does not dispute, that the sole ground Plaintiff asserted in appealing his conviction was that the Department had not followed applicable timing requirements regarding his case. *See* PC at 2. The Commissioner considered that argument and rejected it in deciding to uphold the conviction. Plaintiff did not argue to the Department or the Commissioner that he could not be found guilty of a Major B-16 violation if he could be found guilty of a lesser charge. The Department contends that the failure to raise that precise issue before the Commissioner amounts to a failure to exhaust administrative remedies that deprives this Court of jurisdiction.

Against this, Plaintiff asserts that his filing of a grievance is sufficient to exhaust his administrative remedies regardless of the particular grounds raised in that grievance. The Court disagrees. The general rule is that issues not raised before an administrative agency, "even those having a constitutional dimension, need not be considered when presented for the first time on appeal." *In re Burlington Housing Auth.*, 143 Vt. 80, 81–82 (1983); *see also In re Whitney*, 168 Vt. 209, 215 (1998) ("In general, . . . we require preservation of an issue in an administrative forum even if it can be called jurisdictional."); 4 Charles Koch & Richard Murphy, *Admin. L. & Prac.* § 12:21 (3d ed. Feb. 2016) ("Generally one may not have judicial review of an issue that they might have but did not present to the agency at the appropriate time in the administrative proceeding.").

One basis for that requirement is that courts only review final agency actions. *See Jordan*, 166 Vt. at 514. Indeed, Directive 410.01 requires the

3

Commissioner to "specifically address all appeal issues raised by the inmate." PC at 22. If an issue was not actually submitted to and determined by an agency, there is simply no agency action for the court to review. *Accord Turnbaugh v. Pallito*, 198-7-15 Oscv (Vt. Super. Feb. 22, 2016) (Bent, J.).

More importantly, though, the "exhaustion doctrine is designed to ensure that a grievance is fully explored and litigated before the administrative body possessing the pertinent experience and expertise in the subject area; the doctrine thus serves to preserve the authority of the administrative body, and to promote judicial efficiency." *Rennie v. State*, 171 Vt. 584, 585 (2000). Presenting the precise issue to the agency allows it to develop the factual record and consider its final decision in light of all appropriate information. In the absence of such an assertion, the agency is left to guess as to any purported error and may not even investigate the facts relevant to matters that were not raised. *See Town of Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 511 (2001) (noting importance of developing record in administrative setting). The Court believes that the laudatory goals of the exhaustion doctrine require that a plaintiff initially submit to the Department the specific claims of error that he presents for judicial review.

Plaintiff next argues that the Court should exercise its purported "discretion" to allow the case to proceed in the absence of exhaustion. *See Stone v. Errecart*, 165 Vt. 1, 4 (1996). While common-law exhaustion may allow for an element of judicial discretion, the Vermont Supreme Court "has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." *Rennie*, 171 Vt. at 585. As the Department has provided an administrative remedy

to Plaintiff, this Court is without jurisdiction to entertain the matter until he has properly pursued that remedy to its end.

Lastly, Plaintiff argues that he should not have to exhaust the specific issue because the Department has already litigated the issue through summary judgment filings. Lack of subject jurisdiction is a defense that can be asserted at any time, however. Vt. R. Civ. P. 12(h)(3); *Unifund CCR Partners v. Zimmer*, 2016 VT 33, ¶ 19. While earlier assertion of this defense would have saved both counsel and court resources, the failure to do so does not preclude Defendant from raising the jurisdictional issue now.

<u>Conclusion</u>

WHEREFORE, the Department's Motion to Dismiss is granted.

Dated at Montpelier, Vermont, this ___ day of June, 2016.

_____
Timothy B. Tomasi
Superior Court Judge