Filed 07/08/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04712

---

H. Paige v. State of Vermont et al

---

## Opinion and Order on Mr. Paige's Motion for Reconsideration

Plaintiff Mr. H. Brooke Paige brought this case challenging several features of Vermont election law included in legislation from 2021 (Act 60) ("An act relating to mailing out ballots, correcting defective ballots, and miscellaneous changes to State election laws."). On April 3, 2025, the Court granted the State's motion to dismiss, pursuant to both Vt. R. Civ. P. 12(b)(1) and (6), concluding that he had failed to adequately plead any claim under 17 V.S.A. § 2603 and that the allegations of the complaint were conclusory and insufficient to demonstrate standing to pursue his other potential claims.

Mr. Paige has filed a motion to reconsider. He takes umbrage that the Court described certain of the allegations of the complaint as *allegations* when such assertions could have been easily verified, presumably if the Court had undertaken its own *ex parte* investigation into the facts. He says that the Court's word-choice "lessens the Plaintiff's assumption of the Court's impartial consideration of the facts." Additionally, he argues that the Court improperly interpreted 17 V.S.A. § 2603 narrowly when it should have interpreted it broadly, and he provides further argument as to why he thinks he has standing in this case.

## I.  Procedural Standard

Mr. Paige's motion to reconsider sounds in the Court's power to alter or amend its prior judgment under Vt. R. Civ. P. 59(e).  "Rule 59(e) motions to alter or amend judgment allow 'the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party.'  A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Sutton v. Purzycki*, 2022 VT 56, ¶ 67 (citations omitted).  The Rule has a "narrow aim," *N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 41, 184 Vt. 303, 319 (internal quotation omitted); and constitutes "an extraordinary remedy that should be used sparingly," 11 C. Wright, *et al., Fed. Prac. & Proc. Civ.* § 2810.1 (3d ed.)

## II.  Analysis

### A.  Bias and the words *Alleges/Allegations*

The Court's use of the words alleges and allegations in its ruling reflects no bias against Mr. Paige.  The Court referred to the *allegations* of the complaint, facts that Mr. Paige *alleged*, because that is what facts asserted in a complaint are.  Rule 8(e)(1) provides that the *averments* "of a pleading shall be simple, concise, and direct."  *See also* Vt. R. Civ. P. 10(b) ("All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.").  An *averment* is an allegation of fact.  Black's Law Dictionary 131–32 (7th ed. 1999).

The procedural standards, explicitly described in the dismissal decision, required the Court to accept as true all nonconclusory *allegations of fact* in the complaint. *See, e.g., Town of Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 510, 787 A.2d 1234, 1236 (2001) (mem.) (In examining a motion to dismiss, "all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party."). The Court did so.

Further, Courts have limitations on their ability to conduct independent investigations into the facts. Rule 2.9(c), Vt. Code. Jud. Cond. 2019 ("A judge shall not investigate facts in a matter independently and shall consider only the evidence presented and any facts that may properly be judicially noticed."); *see also id*. cmt. [6] ("The prohibition against a judge investigating the facts in a matter extends to information available in all mediums, including electronic."). It had no duty to verify Mr. Paige's allegations, and any attempt at doing may have been beyond its proper duties. More importantly, as noted, in making its ruling, it accepted the veracity of all nonconclusory allegations of the complaint.

B.      Interpretation of 17 V.S.A. § 2603

Mr. Paige's argument as to the proper interpretation of § 2603 is not persuasive. Applicable precedents are clear and were referenced in the dismissal decision.

Mr. Paige's principal arguments are that something about the legislative history of § 2603 suggests that the Court got it wrong, and that he consulted with an ex-legislator and an ex-governor, and now represents that each has some general view as to the intended breadth of § 2603. If Mr. Paige sought to rely on such arguments, he should have raised them in his opposition briefing. It is too late now. A party may not wait for

reconsideration to "wheel out all its artillery." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting *Employers Ins. of Wausau v. Bodi Wachs Aviation Ins. Agency*, 846 F. Supp. 677, 685 (N.D. Ill. 1994)). In any event, such arguments based on the views and memories individual political actors are not persuasive. *See In re Investigation to Rev. Avoided Costs that Serve as Prices for Standard-Offer Program in 2020*, 2021 VT 59, ¶ 14, 215 Vt. 247, 253 ("In considering legislative history, however, the comments of individual legislators typically carry little weight." (internal quotation omitted)).

C.    Standing

Otherwise, Mr. Paige provides additional argumentation as to standing but nowhere clearly identifies what controlling authority or facts he thinks the Court overlooked. The appearance is that he is merely, and improperly, seeking to relitigate a matter that already has been decided. That is insufficient to provide a solid basis for altering a judgment under Rule 59. "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Latouche v. North Country Union High School Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001).

The Court perceives no basis for reconsideration.

## Conclusion

For the foregoing reasons, Mr. Paige's motion to reconsider is denied.

Electronically signed on Monday, July 7, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge